Burke, J.
This appeal is concerned with a motion in the nature of an application for a writ of error coram nobis. The defendant, although his conviction was based on a plea of guilty, made in open court, while represented by counsel, now contends that the sentence imposed is illegal because there has been a failure of compliance with the statutory requirements contained in section 480 of the Code of Criminal Procedure.
Assuming that the clerk of the court did not ask the defendant 11 whether he have any légal cause to show, why judgment should not be pronounced against him ”, the question is: Does coram nobis lie? The answer is in the negative. A writ of error coram nobis may not be invoked to show an error of law apparent on the face of the record. On the day of the sentence, conceding the defendant’s claim to be true, it was possible to ascertain from the record alone whether the mandate of section 480 of the Code of Criminal Procedure was followed. Hence *198 the defendant’s claim was reviewable upon an appeal of the judgment of conviction (People v. Nesce, 201 N. Y. 111; People v. Craig, 295 N. Y. 116). Therefore, the defendant may not be permitted to forego his right of appeal from the judgment and resort to the remedy of coram nobis (Matter of Morhous v. Supreme Ct., 293 N. Y. 131; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1). Coram nobis is available only in cases which “involve the abrogation — without adequate remedy — of fundamental precepts either going to the jurisdiction of the court or resulting in the perpetration of a fraud upon the court.” (People v. Sadness, 300 N. Y. 69, 73-74.)
To allow relief to the defendant by way of coram nobis would be to disregard the purpose of the historic writ. “It is an emergency measure enabling a defendant to void the effects of a conviction * * * when all other avenues of judicial relief are closed to him. It is literally his last chance to escape injustice” (Fuld, J., “The Writ of Error Coram Nobis”, N. Y. L. J., June 5, 1947, p. 2212, col. 1; June 6, 1947, p. 2230, col. 1; June 7, 1947, p. 2248, cols. 1, 2). The underlying purpose is to redress an injury done to a defendant which has deprived him of due process of law, thus enabling a defendant to void a conviction. In this case the vacatur of the sentence would not vacate all the proceedings antedating the sentence as the allegations in the petition are insufficient to serve as a basis for declaring the prior proceedings a nullity. Under such circumstances, a defendant, if successful, upon an appeal or an application for a writ of habeas corpus, would only be entitled to a remand for resentence. In short, the defendant is returned to the status he possessed prior to the sentence (People ex rel. Miller v. Martin, 1 N Y 2d 406, 410). Where the alleged basic legal error is evident and does not affect the validity of the judgment, of conviction, but only the validity of the sentence, the defendant is limited to the post-conviction remedies of appeal, motion in arrest of judgment, motion to withdraw plea or habeas corpus, according to the specific error raised (see People v. Taras, 269 App. Div. 694, affd. 296 N. Y. 983). Although the sentence in a criminal case is customarily said to be the judgment of the ease (People v. Cioffi, 1 N Y 2d 70, 72), the judgment embraces the adjudication of guilt of the crime charged and the penalty imposed or sentence. Hence, before entertaining a motion for a writ of error coram nobis, *199 it is necessary to determine the nature of the underlying error which requires correction. For instance, in the cases where the court erred in adjudicating a defendant to be a prior felony offender, a vacatur of the adjudication carries with it a vacatur of the sentence (see People v. Kronick, 308 N. Y. 866; People v. Caracelli, 309 N. Y. 853). Justice required the vacatur of the adjudication so that the defendant could be returned to the status existing prior to the adjudication. When an improper sentence is the sole basis of the complaint, no vacatur of the judgment of conviction or adjudication is necessary, since justice may be done by correction of the sentence (cf. People v. Shaw, 1 N Y 2d 30). Where, as here, it is not one of fact constituting a violation of due process (Matter of Morhous v. Supreme Ct., supra) or a denial of right to counsel (Matter of Bojinoff v. People, 299 N. Y. 145), but one of law apparent on the record, coram nobis may not be utilized as an alternative remedy to appeal, motion in arrest of judgment, motion to withdraw plea, or habeas corpus (People v. Kendricks, 300 N. Y. 544; People v. Gersewitz, 294 N. Y. 163, 167; Paterno v. Lyons, 334 U. S. 314; People ex rel. Wachowicz v. Martin, 293 N. Y. 361).
The order of the Appellate Division should be reversed and the order of the County Court denying the motion reinstated.