**Sylvester PAPALARDO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13550.**

United States Court of Appeals
Sixth Circuit.

Oct. 27, 1958.

Joseph P. Jenkins, Kansas City, Kan., Henry C. Lavine, Cleveland, Ohio, on the brief, for appellant.

William J. O'Neill, Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before ALLEN, Chief Judge, MARTIN, Circuit Judge, and THORNTON, District Judge.

THORNTON, District Judge.

This cause came on to be heard on the oral arguments and briefs of attorneys for the parties and upon the record in the case.

The appellant in the District Court for the Northern District of Ohio, Eastern Division, was found guilty on all four counts in an indictment, one count charging him with conspiring with others to violate the Internal Revenue Laws in the sale of narcotics, the three remaining counts charging him and one other, on three separate days, with the sale of narcotics in violation of Section 2554, Title 26 U.S.C., and on August 14, 1953, the trial court imposed a sentence of five years and a $2,000.00 fine on each count, the sentence imposed on Count one and Count two run concurrently, and the sentence imposed on Counts three and four run consecutively, the total sentence being 15 years and $8,000.00 in fines.

On November 6, 1957, the appellant, pursuant to Section 2255, U.S.C., Title 28, filed a motion to correct and vacate a portion of the foregoing sentence, claiming that it was imposed in violation of the Constitution and laws of the United States, that the court was without jurisdiction to impose the sentence and that the sentence was in excess of the maximum authorized by law. District Judge McNamee found no merit in the argument advanced by the appellant in support of his motion and overruled the same.

The appellant here attacks the validity of his sentence on three fronts:

(a) The legislative history of the Boggs Act, its predecessor statute, the Act of August 12, 1937, and the Narcotic Control Act of 1956 [21 U.S.C.A. § 171 et seq.], do not conclusively indicate that Congress, while providing heavier penalties and other provisions therein relating to minimum and maximum penalties, denial of probation and suspension of sentence for second and subsequent offenders, intended that separate and consecutive sentences may be imposed upon each and every count that a diligent and possibly ingenious prosecutor may deem fit and proper to draft into an indictment.

(b) Blockburger v. United States, infra, the touchstone for the doctrine of multiple sentences on indictments drawn multifariously has been questioned and is now being reconsidered by the United States Supreme Court.

(Appellant's brief was filed before the decision of the Supreme Court in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. In its decision handed down on June 30, 1958, the Supreme Court adhered to its decision in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.)

(c) Single punishment for a single criminal act or course of conduct is in accord with the rule of lenity adopted by the Supreme Court in "unit of prosecution" cases.

In support of his attack, the appellant has, on occasion, traveled far into the field of fantasy. Regardless of the num-

ber of counts that an alleged "diligent and possibly ingenious prosecutor may deem fit and proper to draft into an indictment", upon conviction of a first offender on an indictment containing one or more counts charging violation of the narcotic laws, the function and responsibility of imposing sentence on the convicted defendant is in the trial court.

 In analyzing the indictment upon which the appellant was convicted, the trial judge had under consideration for sentence a person who had, between January 24, 1953 and June 17, 1953, been a party to the illegal sale of 28¾ ounces of heroin and one ounce of cocaine involving a total payment of $4,570.00. While he stood before the court in the formal category of a first offender, the scope of the above-mentioned activity permits the conclusion that the appellant was an old and experienced performer in the arena of criminal affairs. Everett v. United States, 6 Cir., 1955, 227 F.2d 457–459. The determination whether the sentence shall run concurrently as to some counts and consecutively as to others is discretionary with the trial judge (Beacham v. United States, 10 Cir., 218 F.2d 528, 529).

Appellant's effort to convince this court that he is entitled to single punishment in accordance with the rule of lenity adopted by the Supreme Court is without legal support. In Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405, we find the following:

> "It is one thing for a single transaction to include several units relating to proscribed conduct under a single provision of a statute. It is a wholly different thing to evolve a rule of lenity for three violations of three separate offenses created by Congress at three different times, all to the end of dealing more and more strictly with, and seeking to throttle more and more by different legal devices, the traffic in narcotics. Both in the unfolding of the substantive provisions of law and in the scale of punishments, Congress has manifested an attitude not of lenity but of severity toward violation of the narcotics laws."

The sentence imposed upon the appellant by Judge McNamee was lawful, and accordingly the order of the District Court overruling appellant's motion to correct and vacate a portion of his sentence is affirmed.