**Robert Lee McKEE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 13185.**

United States Court of Appeals
Seventh Circuit.

May 2, 1961.

558

Robert Lee McKee, pro se.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

In these proceedings, both here and in the District Court, Robert Lee McKee has been designated either "petitioner" or "plaintiff". He usually has described himself as "petitioner" and we shall so designate him herein.

Petitioner filed a motion in the United States District Court, Southern District of Indiana, pursuant to section 2255, Title 28 U.S.C., to vacate and set aside or correct a sentence, and also pursuant to Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C., for a correction or reduction of sentence. The District Court permitted him to proceed *in forma pauperis*. Thereafter, the District Court denied his motion filed under section 2255, and granted him leave to appeal to this Court *in forma pauperis*. He was granted an extension of 40 days to docket his appeal. We entered an order that he might proceed here *in forma pauperis* and the printing of the record on appeal and the printing of briefs were waived. As petitioner was unable to be personally present to orally argue this appeal, we took the case upon the briefs without any oral argument by the Government.

On March 4, 1959, an indictment against petitioner was filed in the United States District Court for the Southern District of California, Central Division.

This indictment in five counts charged the interstate transportation of five stolen motor vehicles on various specified dates from April 14, 1958 to November 24, 1958. Petitioner consented to the transfer of this case for plea and sentence to the Southern District of Indiana.

On March 6, 1959, petitioner appeared in the United States District Court for the Southern District of Indiana. An attorney was appointed to represent him. Petitioner executed a written waiver of indictment and consented to the filing of a one-count information charging him with the interstate transportation of a stolen motor vehicle on an occasion other than those described in the California indictment. This case was docketed as IP–59–Cr–13. Petitioner entered a plea of guilty and a presentence investigation was ordered.

On April 3, 1959, petitioner again appeared before the United States District Court for the Southern District of Indiana with his court-appointed counsel. He entered a plea of guilty to each of the five counts of the indictment which previously had been transferred from California and which had received the docket number IP–59–Cr–48.

In Cause IP–59–Cr–48, the Court imposed a sentence of one year under Count I; one year under Count II to run consecutively to the sentence imposed under Count I; one year under Count III to run consecutively to the sentence imposed under Count II; one year under Count IV to run consecutively to the sentence imposed under Count III, and one year under Count V to run consecutively to the sentence imposed under Count IV, "making a total of Five (5) years imprisonment."

In Cause No. IP–59–Cr–13, the Court imposed a sentence of two years to run consecutively to the sentence of five years imposed in Cause No. IP–59–Cr–48, "making a total of Seven (7) years imprisonment."

The District Court denied petitioner's motion under section 2255, Title 28 U.S. C. and Rule 35, Federal Rules of Crim-

inal Procedure, for the reason "that the motion, files and record of the said causes in this Court conclusively show that the petitioner is entitled to no relief."

Petitioner's principal argument is that the sentences imposed upon him are contrary to section 3568, Title 18 U.S.C. which provides a sentence of imprisonment shall commence from the date the person is received at the penitentiary, reformatory or jail for service of the sentence. We have been cited to no cases, and we know of none, that thus construe this statute.

The District Court might have imposed a sentence of five years upon each count in IP–59–Cr–48, and upon the one count in IP–59–Cr–13, and might have provided that such sentences be served consecutively, making a total sentence of thirty years. Ellerbrake v. United States, 7 Cir., 134 F.2d 683, 685, certiorari denied 319 U.S. 775, 63 S.Ct. 1435, 87 L.Ed. 1722.

The power to impose consecutive sentences, which is inherent in the court, was not abolished or changed by the enactment of section 3568, Title 18 U.S. C. Kay v. United States, 6 Cir., 279 F.2d 734, 735; Sherman v. United States, 9 Cir., 241 F.2d 329, 336, certiorari denied 354 U.S. 911, 77 S.Ct. 1299, 1 L. Ed.2d 1429; Hiller v. United States, 9 Cir., 218 F.2d 641; Dockery v. Hiatt, 5 Cir., 197 F.2d 333; Ellerbrake v. United States, supra.

The second ground urged for reversal is that the sentences imposed are void for lack of meaning. We think there is no merit whatever in this contention. To eliminate any possible misconception, after fixing the years to be served under IP–59–Cr–48, the court added the words "making a total of Five (5) years imprisonment." Also, after imposing the two-year sentence in IP–59–Cr–13 to run consecutively to the sentence of five years imposed in IP–59–Cr–48, the court added the words "making a total of Seven (7) years imprisonment."

The District Court was fully justified in denying petitioner's motion under section 2255.

Affirmed.