Daniel CASTANO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 13859.

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1963.

Daniel Castano, Leavenworth, Kan., William A. Clineburg, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Paul D. Keller, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner herein was convicted, after a jury trial in the United States District Court, Northern District of Illinois, Eastern Division, on a 2-count indictment charging: Count 1, a conspiracy to receive, conceal and facilitate the transportation and concealment after unlawful importation of fifty pounds of marihuana, and Count 2, defendant and others unlawfully and knowingly received and concealed approximately 350 milligrams of heroin after the same had been unlawfully imported into the United States, well knowing the same to be so unlawfully imported. The third overt act in Count 1 alleged petitioner and others, on a designated date, at Chicago, Illinois, "[H]ad a conversation with JOSEPH ARPAIO; in violation of Section 176 (a), Title 21, United States Code, as amended by the Narcotics Control Act of 1956." Appellant was sentenced to serve six years imprisonment on each count, the sentences to run consecutively.

More than two years after the date of his conviction, petitioner filed in the court where he was tried and convicted, a motion under Section 2255 of Title 28 U.S.Code, to set aside and vacate the consecutive part of his sentence. Although the petition was filed by petitioner *pro se*, it was a formidable, well-prepared, typewritten document of twenty-four pages containing approximately 9,-000 words. The principal issue raised by the petitioner was that the District Court had no jurisdiction or authority to impose consecutive sentences.

The District Court denied the petition to vacate, but granted petitioner's motion for leave to appeal *in forma pauperis*. This Court permitted him to proceed *in forma pauperis*, and the printing of the record on appeal and the printing of appellant's brief were waived. On motion, this Court appointed William A. Clineburg, Esq. of the Chicago Bar to prosecute this appeal. We thank Mr. Clineburg for the excellent service which

he has rendered in this case as court-appointed counsel.

■ In McKee v. United States, 7 Cir., 289 F.2d 557 (1961), this Court held the power of a district court to impose consecutive sentences is inherent in the court, and was not abolished or changed by Title 18 U.S.Code § 3568. We adhere to that ruling.

■ Court-appointed counsel also raised the point that Count 1 did not properly charge conspiracy for the reason an overt act was not alleged with requisite clarity and particularity. Petitioner's counsel urges that an overt act is an essential element of the crime of conspiracy which must be alleged and proved; that it is something apart from the conspiracy and is to effect the object of the conspiracy; that the vague allegation of "a conversation" is not sufficient.

The Government contends the motion under Section 2255 does not lie to attack an alleged insufficient indictment.

We agree that unless there are exceptional circumstances which are not present here, the sufficiency of an indictment may not be made a subject of a collateral attack. The indictment in the case at bar was not so fatally defective as to deprive the district court of jurisdiction.

In United States v. Kniess, 7 Cir., 264 F.2d 353, 357, (1959) we said: "Kniess also contends that as the informations to which he pleaded guilty were based upon a confession illegally obtained, the judgments of conviction were void and cannot support the sentence imposed. We do not agree. We think Kniess' waiver of his right to counsel and his plea of guilty were valid and that he may no longer object to any defect in the informations not going to the jurisdiction of the court. United States v. Washington, 3 Cir., 237 F.2d 632. Defects in an information not going to the jurisdiction of the court are not open to collateral attack. [Citing cases.]"

In Keto v. United States, 189 F.2d 247, the Eighth Circuit considered a motion under Section 2255, Title 28, where the defendant had not taken an appeal. The defendant argued the criminal information was insufficient as there was no allegation that the bank which defendant was charged with robbing, was a member of the Federal Deposit Insurance Corporation. The court held the defect in the information went to the merits of the case and not to the jurisdiction of the court, and hence was not subject to collateral attack.

In the case at bar, the District Court had jurisdiction. We do not reach the question of whether the vague reference to "a conversation" as an overt act, is sufficient.

The order dismissing the motion under Section 2255 is

Affirmed.