STATE OF CONNECTICUT *v.* EDWARD MCNALLY (5693)

STATE OF CONNECTICUT *v.* EDWARD MCNALLY (5694)

STATE OF CONNECTICUT *v.* RICHARD MCALISTER (5695)

STATE OF CONNECTICUT *v.* RICHARD MCALISTER (5696)

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, JS.

 

Argued April 13—decided May 25, 1965

*Harry H. Hefferan, Jr.,* for the appellant (defendant McNally) and *Warren A. Luedecker,* for the appellant (defendant McAlister), with them, on the brief, was *Harold H. Dean.*

*Otto J. Saur,* state's attorney, with whom, on the brief, were *John F. McGowan* and *Joseph T. Gormley, Jr.,* assistant state's attorneys, for the appellee (state) in each case.

MURPHY, J. Each of the defendants was charged in separate indictments with the crimes of murder in the first degree in the fatal shooting and stabbing of Richard McAlister's father on August 28, 1963, and for the fatal shooting of John Shinners on February 23, 1964, while the defendants were perpetrating a robbery. Since each defendant was seventeen years old at the time of arraignment, guardians ad litem were appointed for each of them, and, with the acquiescence of the state, a plea of

guilty to murder in the second degree to each of the crimes was accepted by the court. Each was then sentenced to life imprisonment in the state prison for each of the murders, the sentences to run consecutively. The defendants have appealed. Although they have stated their claims of error in several ways, the basic contention is that the court did not have the legal right to impose consecutive life sentences.

General Statutes § 53-11 provides that "[a]ny person who commits murder in the second degree . . . shall be imprisoned in the State Prison during his life." The use of this language presupposes a life sentence for each second-degree murder. In these cases, that penalty was imposed. The statutes are devoid of any language prohibiting the imposition of consecutive life sentences or of language requiring two life sentences to be served concurrently. "In the absence of statute, the determination whether two sentences to the same penal institution shall run concurrently or consecutively is an incident to the judicial function of imposing sentences upon a convict and is a matter for the determination of the court." *Redway* v. *Walker,* 132 Conn. 300, 306, 43 A.2d 748. The same principle applies to life sentences in murder cases. *State* v. *Maxey,* 42 N.J. 62, 69, 198 A.2d 768. In that case, the defendant was convicted by the jury of two separate and distinct murders in the first degree. The jury recommended life imprisonment instead of the death penalty. The court sentenced the defendant to life imprisonment on each count, the sentence on the second count to be served consecutively to that imposed under the first count. The defendant, upon appeal, advanced claims of illegality which bear striking similarity to those of the

defendants in our cases. The New Jersey Supreme Court affirmed the action of the sentencing judge and held (p. 69): "In the absence of a statute expressly prohibiting the sentencing judge from exercising such discretion, we find that the power to impose consecutive life sentences resides in the trial judge." Life sentences consecutive to other sentences have been upheld in *In re Pedrini,* 33 Cal. 2d 876, 882, 206 P.2d 699, and *McCoy* v. *Severson,* 118 Utah 502, 515, 222 P.2d 1058. The court had the authority to impose the sentences which it did in these cases, and there was no abuse of discretion in so doing.

At the time of sentencing the defendants, the court made some observations about the nature of the crimes, the personalities of the defendants and the doubt entertained by the court that the defendants would respond to medical and psychiatric treatment to the extent that they might be proper subjects in twenty years for parole under the provisions of General Statutes § 54-125. This statute permits the board of parole to release on parole an inmate of the state prison serving a life sentence after twenty-five years' confinement or after twenty years with maximum good conduct credits in prison. In other words, the court intended to and did put into the record its belief that neither defendant would merit parole in twenty years and therefore deemed it advisable to impose the consecutive sentences. The court went on to state that it did not necessarily feel that the defendants should be confined for forty years. Although it was not mentioned specifically, the court probably had in mind the jurisdiction of the board of pardons under General Statutes § 18-26.

Whether a sentencing judge, in determining the

proper sentence to be imposed, should take into account the possibilities of release on parole is a subject upon which there are conflicting views. It was approved in New Jersey in *State* v. *Maxey,* supra, 69, in which it was stated that the court could "conceive of no reason why a man who has been found guilty of two murders should necessarily receive the benefit of the same parole eligibility as a man who has committed only one murder" and it affirmed the action of the trial court as reported in *State* v. *Maxey,* 77 N.J. Super. 397, 406, 186 A.2d 536. In *Morris* v. *Commonwealth,* 268 S.W.2d 427, 428 (Ky.), in which consecutive life sentences were approved, the opposite view, that the sentence should be commensurate with the crime without regard to the possibility of parole, was espoused. Where, as here, the trial court had the authority to impose consecutive sentences, it could, in determining a proper sentence, consider all the mitigating and aggravating circumstances involved in the crime. *State* v. *Smith,* 5 Day 175, 179; 24B C.J.S. 578, Criminal Law, § 1983(1) (b). In addition, the court could also take into account the operative effect of the parole laws so far as they might have a bearing on the determination of a proper sentence under all of the relevant facts and circumstances. See 41 C.J.S., Homicide, § 436.

We find it difficult to follow the reasoning of the defendants that the sentences imposed upon them are in violation of article first, § 10, of the Connecticut constitution, which, as one of the declaration of rights, provides that "[n]o man shall be arrested, detained or punished, except in cases clearly warranted by law." That section is wholly concerned with safeguarding the rights of persons charged with crime. *Cinque* v. *Boyd,* 99 Conn. 70, 94, 121 A.

678. It would be preposterous to hold that a person who commits a crime has a constitutional right to escape punishment for it. As already stated, in the absence of statutory restriction, the punishment inflicted is clearly warranted by General Statutes § 53-11, which directs life imprisonment for each second-degree murder committed.

The final argument advanced by the defendants is that the sentences constitute cruel and unusual punishment, which is prohibited under the eighth amendment to the federal constitution. When the objection is to the sentence and not to the statute under which the sentence was imposed, the sentence is not cruel or unusual if it is in conformity with the limit fixed by statute. When the statute does not violate the constitution, any punishment which conforms to it cannot be adjudged excessive since it is within the power of the legislature and not the judiciary to determine the extent of the punishment which may be imposed on those convicted of crime. The imposition of life sentences to run consecutively for two second-degree murders is neither excessive nor cruel and inhuman punishment. *Chavigny* v. *State*, 112 So. 2d 910, 915 (Fla. App.), cert. denied, 114 So. 2d 6 (Fla.), cert. denied, 362 U.S. 922, 80 S. Ct. 676, 4 L. Ed. 2d 742; see also *Lindsey* v. *United States*, 332 F.2d 688, 692 (9th Cir.); *Anthony* v. *United States*, 331 F.2d 687, 694 (9th Cir.); *Boerngen* v. *United States*, 326 F.2d 326, 329 (5th Cir.); *Pependrea* v. *United States*, 275 F.2d 325, 329 (9th Cir.). As the sentences imposed did not exceed the permissible statutory penalties, the punishment cannot be held to be cruel and unusual as a matter of law. *State* v. *Levy*, 103 Conn. 138, 148, 130 A. 96.

There is no error.

In this opinion the other judges concurred.