[Crim. No. 10155.   Second Dist., Div. Four.   Oct. 21, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. PERCY EUGENE CURTIS, Defendant and Appellant.

Leon Goldin, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged by information with ten counts of armed robbery, three counts of forcible rape, and two counts of kidnaping for the purpose of robbery. After a jury trial, he was found guilty on six of the ten robbery counts and the three rape counts; as to the kidnaping for robbery counts (Pen. Code, § 209), the jury returned verdicts of simple kidnaping (Pen. Code, § 207), as a lesser and included offense. The trial court, holding that the two kidnapings were incidental to two of the rapes, merged the kidnaping counts with those rape counts and sentenced only on the latter. State prison sentences were imposed and defendant has appealed.

At his request, we appointed counsel for him on appeal. Appointed counsel has filed herein a brief in which, after summarizing the proceedings and the evidence, he concludes that there are no issues which can be raised on the appeal. Because of the seriousness of the offenses, and the length of the total sentences imposed,[1] we have made an independent examination of the record. After such examination, we agree with counsel that there is no basis for a reversal.

During the period from December 1962 until October 1963 there had occurred a series of robberies of bars in the southern portion of Los Angeles. Included among these robberies were

---

[1] Some of the sentences were ordered to run concurrently and some consecutively; the net result was a total sentence for a minimum of 26 years and a maximum of life.

four at Martin's Grand Cafe, located at the intersection of Grand and Jefferson, one at Mel's Blizzard Room, located at 11034 South Vermont Avenue, and two at the La Fiesta Cafe, located at 10709 South Vermont Avenue, all in the County of Los Angeles. In each case, the general modus operandi was the same: At about midnight,[2] a male person, wearing a stocking mask, would enter the bar, announce a holdup, direct the bartender (or barmaid) to place the contents of the cash register either in a cigar box or in a sack, order the patrons to throw their valuables on a pool table, the counter or the floor, order the victims into a restroom, and then depart. In the three cases where a woman customer or barmaid was present, the robber, after herding his male victims into the restroom, committed an act of rape on the woman—in two instances forcing her to accompany him outside the premises for that purpose. It was the People's theory that all eight robberies,[3] and the rapes and kidnapings attendant on some of them, were committed by the same person and that that person was the defendant.

It was never contended that the offenses charged did not occur as charged, except that defense counsel objected that the kidnapings were not shown to have been for the purpose of robbery but for the purpose of rape (a position which the ultimate jury verdict adopted), and that the kidnapings were thus part of the rape offenses (a position adopted by the trial court in imposing sentences). ▮ The sole issue was that of identity. Defendant testified, denying all of the crimes except the last one, and offering alibis as to three of the remaining seven episodes.

As to the final robbery (Count VI), there was no issue as to guilt. A police "stake-out" had been arranged for the bar involved, defendant was shot by the officer on duty, arrested and hospitalized. As above indicated, defendant admitted this robbery. As to the robberies which were accompanied by the rapes (Counts V, VII, VIII, X and XIII) the female victims positively identified defendant as their assailant (and, in two cases, as their abductor) and, therefore, also as the robber. The jury acquitted defendant on the remaining four robbery counts, as to which the identification was less positive, depending on similarities of voice and appearance.[4] It follows

---

[2]In the final robbery, the entry was earlier—at about 10:45 p.m.

[3]The eight robberies resulted in ten counts, by reason of charging robbery from two victims in each of two of them.

that there was ample evidence, if believed by the jury, to sustain the verdicts of guilty as returned and entered.

■ Since the jury also, properly, found that defendant was armed at the time of commission of the rapes, he was not eligible for probation. (Pen. Code, § 1203.) ■ Whether or not to impose consecutive, rather than concurrent, sentences, is a matter solely for the discretion of the trial judge; and the merger of the two kidnaping counts with the attendant rape counts was a proper application of section 654 of the Penal Code.

There being no error, the judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[4]The case was submitted to the jury at 10:12 a.m.; the jury was out all of that day; it returned the next morning to hear the reading of the testimony of two of the rape victims; it then resumed its deliberations, returning with its verdicts at 3:37 p.m. As above indicated, it acquitted on every count on which there was no positive identification. It is apparent that the jury gave careful consideration to the evidence and that it resolved every doubt other than as to his own credibility in favor of the defendant.