ROY WARREN OSBORNE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5032

October 5, 1966                               418 P.2d 812

*Babcock & Sutton*, of Las Vegas, for Appellant.

*Harvey Dickerson*, Attorney General, *Edward G. Marshall*, District Attorney, and *R. Ian Ross*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Roy Warren Osborne was convicted of two counts of first degree murder following a consolidated trial. The jury in returning the verdict transposed the names in the two cases. On appeal, defendant asserts as error: (1) that the gun and other evidence used against him at the trial were the fruits of an illegal search of the automobile made without consent, waiver, or a search warrant, and (2) misstatement of the verdict.

A few minutes after midnight on the morning of March 28, 1964, defendant drove a two-toned 1957 Chevrolet with a bullet-shattered window into the parking structure of the Fremont Hotel, in Las Vegas, Nevada. He turned the car over to the parking attendant and on exiting from the front seat he kicked a blood-spattered towel onto the pavement. The attendant replaced the towel in the car and drove it to a stall whereupon he noted a pool of what appeared to be blood on the floor of the rear of the auto. A security guard (another employee of the hotel) was called. The security guard, after a cursory search of the vehicle, removed the registration slip from the steering post and placed it on the hood of the car. He then called the Las Vegas Police Department.

After the police arrived, a further search of the automobile yielded a revolver and ammunition in an open duffle bag under the front seat. When defendant finally returned to the parking lot he was arrested.

1. Investigation revealed that the car was registered to Norma Malloy Widick who was purported to be visiting Las Vegas with her mother. Both mother and

daughter were the victims of the double murder for which Osborne was convicted. After denial of a motion to suppress, the items of evidence taken from the car were introduced into evidence over objection. The basis for the trial court's ruling was that the defendant lacked "standing" to make the objection.

The ruling was correct. We held in Dean v. Fogliani, 81 Nev. 541, 407 P.2d 580 (1965), that, in order for a person to have the right to claim an unlawful invasion of privacy, he " (3) must be anyone who was *legitimately* on the premises when the search occurs and the fruits of the search are proposed to be used against him." Supra, at 544. (Emphasis supplied.) While the sanction of suppressing evidence was developed to protect the individual's right to privacy, Dean who was not on the premises when the search was made, had permission of the owner to be there when items sought were placed there. This gave him standing to object to the search. By analogy that right clearly does not extend to Osborne who did not own the automobile, nor does the record show his right to its possession. Cf. Gispert v. State, 118 So.2d 596 (Fla. 1960).

2. Following the trial, the jury returned a verdict of guilty on both counts. In stating the verdict, however, the names of the victims were transposed. On the information in Case No. 2914, charging defendant with the murder of Inez Mae Malloy, the jury verdict was guilty of murder in the first degree of Norma Malloy Widick. Conversely, on the indictment of Case No. 3779, charging Osborne with the murder of Norma Malloy Widick, the jury found defendant guilty of murder in the first degree of Inez Mae Malloy.

Clearly, this is an inadvertent clerical error warranting no extensive comment. Since our ruling on the question of standing disposes of the essential elements of this appeal, we direct that the clerk of the court in which the trial was held to show the correction of the verdicts in the minutes of the court and a copy thereof be transmitted to the Warden of the State Prison where defendant is confined.

We direct the lower court to give appellant's court-appointed counsel the certificate specified by NRS 7.260(3) for compensation of services on this appeal.
Affirmed.

THOMPSON and COLLINS, JJ., concur.