WARDEN, NEVADA STATE PRISON, APPELLANT, *v.*
RONALD NICHOLAS PETERS, RESPONDENT.

No. 5321

June 22, 1967                      429 P.2d 549

*Harvey Dickerson,* Attorney General, and *John Sheehan,*
Deputy Attorney General, for Appellant.

*Martillaro & Bucchianeri,* of Carson City, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

In 1965 Ronald Nicholas Peters pleaded guilty to a count of first degree burglary and a count of grand larceny. He was not represented by counsel. He was sentenced to a term of from 1 to 15 years on the burglary charge and from 2 to 14 years on the other, the sentences were to run consecutively, and the burglary sentence was to be served first. No appeal from either conviction was taken and the time for appeal has long since run.

Peters served one year on the burglary charge, was granted parole on that offense, and began serving time on the grand larceny charge. After about a year, he moved through counsel to have the trial court allow him to withdraw the pleas of guilty and to enter new pleas on the grounds that as to the grand larceny charge there in fact had been no asportation.[1] Thus, the only crime of which he could be guilty was an attempt rather than the completed crime.

The district attorney of the county in which the offenses occurred—who was not the same district attorney in office at the time Peters first pleaded guilty—agreed with Peters' counsel that the point urged was true and consented to the setting aside of the judgment of conviction and the accepting of a guilty plea to the lesser crime. The two attorneys further stipulated that the court could order the new sentence to run concurrently with the burglary sentence, rather than consecutively as originally ordered, although they acknowledged that the court was not bound by that portion of the stipulation.

The trial court accepted the stipulation of counsel, set aside the judgment of conviction for grand larceny, allowed Peters to withdraw his plea of guilty, immediately accepted a plea of guilty to attempted grand larceny, fixed a new determinate sentence of one year to run concurrently with the burglary sentence, and returned Peters to the penitentiary. In the mean-

---

[1]NRS 205.220. *"Grand larceny: Definitions; punishment.* Every person who shall feloniously steal, take and carry away, lead or drive away the personal goods or property of another, of the value of $100 or more, except a vehicle as defined in NRS 482.135, shall be deemed guilty of grand larceny * * *."

time, however, Peters had been paroled on the burglary sentence. When the trial court imposed the concurrent sentence of one year for attempted grand larceny Peters contended that he had served his time and was entitled to immediate release, for which he petitioned the trial court. The trial court agreed with Peters and granted the application for habeas corpus, giving the State ten days in which to appeal to this court—which it did.

Broadly stated, the issue is whether a trial court has the power to set aside a judgment of conviction after a plea of guilty and commencement of sentence.

1. On the original motion the appellant successfully argued the existence of a mistake in the judgment. His motion to vacate judgment was granted. The State now questions whether this was the proper procedure.

At common law, where all other remedies fail, a mistake of fact which is discovered after judgment may be asserted by the use of the writ of coram nobis. People v. Sullivan, 165 N.Y.Supp.2d 6 (Ct.App. 1957); 13 Syracuse L.Rev. 116 (1961); 57 Nw.U.L.Rev. 467 (1962); Eli Frank, Coram Nobis (1953). In some states, for example Illinois, the courts which had previously abolished the writ of coram nobis allowed the same question to be raised by a motion in the nature of a writ of coram nobis. People v. Crooks, 157 N.E. 218 (Ill. 1927).

We deem the procedural label to be of little importance. The fact remains that courts which make a mistake in rendering a judgment which works to the extreme detriment of the defendant will not allow it to stand uncorrected. In a situation such as this, where, as discussed below, the court has inherent power to reconsider a judgment for good cause shown, we hold that such an issue may be raised by a motion to vacate judgment, though technically in this state the matter probably should have been raised by a petition for habeas corpus. See State ex rel. Orsborn v. Fogliani, 82 Nev. 300, 417 P.2d 148 (1966).

2. The trial court has inherent jurisdiction to vacate or modify its orders and judgments, State v. Lopez, 393 P.2d 263 (Ariz. 1964), and discretion to permit withdrawal of a plea in order to effectuate its efforts. Nagelberg v. United States, 377 U.S. 266 (1964). Justice requires that when a court errs

in its adjudication of a defendant, a vacation of the adjudication result in a vacation of the sentence so that the defendant can be returned to his prior status. If a guilty plea is the product of ignorance, fear, inadvertence or coercion, it must be vacated as void since it is violative of constitutional safeguards, Kercheval v. United States, 274 U.S. 220 (1927), and the passage of time does not close the door to its reconsideration. Ward v. Page, 238 F.Supp. 431 (D. Okla. 1965).

For the purposes of this proceeding the term, "jurisdiction," as usually applied to habeas corpus, is not limited to its traditional meaning, and in such proceedings judicial acts may be annulled if they are determined to be in excess of the court's powers. In accordance with this principle a defendant is entitled to habeas corpus if there is no material dispute as to the mistake of fact relating to his conviction. There being no dispute that Peters pleaded guilty without counsel to grand larceny when in fact no asportation occurred, it follows that this is a proper case for correction of the error in the judgment, because until then he stands convicted of a crime he did not commit. In re Perez, 48 Cal.Rptr. 809 (1966); People v. Sullivan, 165 N.Y.Supp.2d 6 (1957).

It is worthwhile to note that Rule 32(d) of the Federal Rules of Criminal Procedure expressly incorporates this concept by providing for a motion to withdraw a plea of guilty and set aside the judgment of conviction after sentence in order "to correct manifest injustice." In Gilinsky v. United States, 335 F.2d 914 (9th Cir. 1964), the court applied Rule 32(d) and held it would clearly be unfair to hold appellant to his guilty plea if he was ignorant of the fact that a multiple-count indictment stated only a single offense. It is no less unfair to allow a guilty plea to stand when appellant was ignorant of the lack of an essential element of the crime of which he stood accused.

When an improper sentence is the sole basis of the complaint no vacation of conviction or adjudication is necessary since justice may be done by correction of the sentence, Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Osborne v. State, 82 Nev. 342, 418 P.2d 812 (1966); Dixon v. State, 83 Nev. 120, 424 P.2d 100 (1967), but if the judgment of conviction for grand larceny is void the sentence for that crime automatically fails. The court is then free to pass a new sentence

for the different crime of attempted larceny and, in its discretion, order that it run concurrently with the sentence previously imposed for first degree burglary. This is more than a mere correction of sentence. The underlying purpose in this case is to redress an injury done to a defendant who pleaded guilty to a crime he did not commit. The attempt here was an offense separate and distinct from the burglary and was charged in the information as such. In such a situation NRS 176.150 allows the court discretion to make the sentence concurrent or consecutive.[2] See also Grieve v. Smith, 173 P.2d 168 (Wash. 1946); Sherman v. United States, 241 F.2d 329 (9th Cir. 1957); Castano v. United States, 313 F.2d 857 (7th Cir. 1963); McKee v. United States, 289 F.2d 557 (7th Cir. 1961) (even without the aid of a statute); Papalardo v. United States, 260 F.2d 326 (6th Cir. 1958); People v. Graham, 18 Cal.Rptr. 134 (D.C.A. 1961); People v. Curtis, 47 Cal.Rptr. 123 (D.C.A. 1965); State v. McNally, 211 A.2d 162 (Conn. 1965).

Affirmed.

THOMPSON, C. J., concurs.

COLLINS, J., concurring in part but for a different reason; dissenting in part:

There appears to be no express statutory or case authority for a trial court in Nevada to entertain a petition (or motion) to withdraw a plea of guilty after judgment has been entered and imprisonment has commenced.

There is express authority permitting a trial court to set aside a plea of guilty before judgment.[1] Likewise, where a

---

[2]NRS 176.150. *"Conviction of two or more offenses: Concurrent and consecutive sentences.*

"1.   Whenever a person shall be convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may, in its discretion, provide that the sentences subsequently pronounced shall run either concurrently or consecutively with the sentence first imposed.

"2.   If the court shall make no order with reference thereto, all sentences shall run concurrently; but whenever a person under sentence of imprisonment shall commit another crime and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms."

[1]"174.340   Plea of guilty to be put in by defendant in person; plea by corporation; withdrawal.

\* \* \* \* \*

"2.   The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

motion for new trial has been made following conviction, the court may modify the judgment if the evidence shows the defendant to be guilty of a lesser degree of the crime of which he was convicted.[2] But even this motion must be made before judgment is entered.[3]

Nevada's harmless error statute NRS 169.110[4] has generally been restricted to errors raised on appeal or to habeas corpus where federal or state constitutional rights are involved. Neither of these procedures were employed here when Peters filed his petition with the trial court. I feel this court should base its decision on recognized authority where that authority is available, and restrict its reliance on inherent power to those situations where no other authority is available.

Peters' petition may then be construed as a writ of error, *coram nobis*. While this court has seldom had occasion to consider that writ (see Bigness v. State, 71 Nev. 309, 289 P.2d 1051 (1955), there does appear to be jurisdiction in the district courts to entertain it. The Nevada Constitution, Art. 6, § 6, provides, "The District Courts, and the Judges thereof shall have power to issue writs of Mandamus, Injunction, Quo-Warranto, Certiorari, *and all other writs proper and necessary to the complete exercise of their jurisdiction; * * *." Coram nobis* is an ancient common-law writ, Central Franklin Process

---

[2] "175.535   Grounds for new trial; modification of judgment without granting new trial; affidavits supporting motion on ground of newly discovered evidence.   The court in which a trial is had upon the issue of fact, has power to grant a new trial where a verdict has been rendered against the defendant upon his application, in the following cases only:

\* \* \* \* \*

"6.   When the verdict is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed."

[3] "175.540   Application must be made before judgment entered. The application for a new trial must be made before the judgment is entered in the cause and shall be made upon motion orally or in writing, stating one or more of the grounds specified in NRS 175.535."

[4] "169.110   No judgment to be set aside except for material error. No judgment shall be set aside, or new trial granted, in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter or pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case, it shall appear that the error complained of has resulted in a miscarriage of justice, or has actually prejudiced the defendant, in respect to a substantial right."

Co. v. Gann, 133 S.W.2d 503 (Tenn. 1939), and was certainly within the contemplation of the framers of our Constitution at the time of its adoption. It is a writ seldom used and very narrow in scope. Its object is, "To relieve litigants, both civil and criminal, from judicial wrongs for which there was no remedy. Writs of error coram nobis or coram vobis were developed at common law as early as the 16th century, but originally these writs were used to permit courts to correct only their own errors of fact in very limited situations." 18 Am.Jur.2d § 1, p. 446.

Its purpose is to correct an alleged error of fact not appearing in the record where there is no other remedy available. 18 Am.Jur.2d § 3, p. 453. People v. Ayala, 291 P.2d 517 (Cal.D.C.A. 2, 1955). That is the situation here. Based upon the stipulation of counsel that there was no asportation or carrying away of the personal property of another, it was a fact which was not and could not be known to the trial court at the time of Peters' original plea of guilty to grand larceny. Following judgment of conviction, and commencement of sentence, Peters let his time for appeal run. He had no clear remedy of appeal or habeas corpus because his plea of guilty admitted the facts well pleaded. The error is not one of constitutional stature. Thus he had no other clear or adequate remedy by statute, writ or other proceeding.

It is true an applicant for the writ of error, *coram nobis,* must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. People v. Shorts, 197 P.2d 330, 336 (Cal. 1948). Here there was no contest upon that issue. The stipulation of counsel in open court took care of such proof as Peters would otherwise have had to offer. Nor do I have any reason to doubt the integrity of the district attorney who entered into the stipulation. It is indeed a rare thing to exact such a stipulation as that from any district attorney.

I would therefore construe the petition as a writ of error, *coram nobis,* and sustain the action of the trial court in granting it.

The other action of the trial court, however, is without authority. No reason, other than the stipulation of counsel, appears in the record to justify or explain why the trial judge changed his mind and made the two sentences concurrent rather than consecutive as he first ordered. That determination is not one of fact which could be reached by the writ of error

*coram nobis,* but one of law. No authority is cited justifying the procedure or action of the lower court. I would therefore hold, under the circumstances disclosed by this record, that he no longer had authority or jurisdiction to modify his earlier judgment and order the sentences to be served concurrently.

The order of the trial court modifying the judgment from guilty of grand larceny to guilty of attempted grand larceny should be upheld. The order changing the running of the sentences from consecutive to concurrent should be reversed. Respondent Peters' sentence of 1 year on his plea of guilty to attempted grand larceny should be served consecutively to his sentence for first degree burglary.