[Crim. No. 19428. Second Dist., Div. Four. Dec. 1, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD LEWIS PRESTON, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Maury W. Corn, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant was charged in four counts, as follows: count I—kidnaping for the purpose of robbery, in violation of section 209 of the Penal Code; count II—assault with a deadly weapon with intent to commit murder, in violation of section 217 of the Penal Code; count III —attempted extortion, in violation of section 524 of the Penal Code; and count IV—assault with a deadly weapon, in violation of section 245 of the Penal Code. He pled not guilty to all counts. Thereafter the People were permitted to file an amended information which: (1) added a count charging conspiracy to commit murder, in violation of subdivision 1 of section 182 of the Penal Code; (2) a count charging robbery, in violation of section 211 of the Penal Code; (3) changed the former charge of attempted extortion to a charge of extortion; and (4) dropped the former charge of assault with a deadly weapon. As amended, the information charged: count I—conspiracy to commit murder; count II—kidnaping for the purpose of robbery; count III—robbery; count IV—extortion; and count V—assault with a deadly weapon with the intent to commit murder. Defendant pled not guilty to all counts in the amended information. After a trial by jury, he was found guilty on counts I, III, IV and V; on count II he was found guilty of the lesser and included offense of kidnaping, in violation of section 207 of the Penal Code.

Defendant's motion for a new trial, or for arrest of judgment, on counts I and IV was denied; probation was denied. He was sentenced to state

prison for life on count I; counts II, III and IV were "merged for the purpose of sentencing" and he was sentenced to state prison on those three counts as so merged; he was sentenced to state prison on count V. The sentences on counts II, III and IV, as merged, and the sentence on count V were ordered to run consecutively with each other; execution of sentence on those four counts was stayed pending completion of the sentence on count I. Defendant has appealed; with a modification hereinafter indicated, we affirm.

## I

It is argued that the People should not have been allowed to file the amended information. The contention is without merit. Examination of the transcript of the preliminary examination discloses that the evidence there presented showed the commission of the offenses added by the amendment. All of the offenses ultimately charged were part of the same episodes as those involved in the original information. The requirements of section 739 of the Penal Code, as construed in *Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241], clearly were met.

## II

In view of the other contentions made on behalf of defendant, it is unnecessary to set out the evidence in detail. It was the theory of the prosecution that defendant and a man named Woods, in furtherance of some internal dispute among members of the Communist Party, had kidnaped a man named Lasky, beaten him, robbed him, extorted money from him and shot him. The defense was an alibi; defendant did not testify. It is not here contended that the evidence, if properly admitted, believed, and if submitted to the jury on proper instructions, did not sustain the verdicts on counts I, II, III and V; it is contended that the evidence does not support the verdict on count IV—the extortion count. We conclude that that verdict, also, was supported by adequate evidence. The jury could conclude that the victim gave defendant and his associate $300 only after, and because, he had been kidnaped at gun point, beaten and otherwise maltreated. The victim testified that defendant and his associate offered to let him go if he gave them money and that he agreed to that bargain (which was not kept). No more was needed.

## III

The contentions concerning the instructions to the jury are without foundation in the record. The trial court gave CALJIC (3d ed.) Nos. 4.50, 2.90, and CALJIC (rev. ed.) No. 3. Those instructions adequately cov-

ered all of the matters included in the instructions requested by defendant and now urged on us.

## IV

■ One of the alibi witnesses testified that she first met defendant at a political rally. Over objection, she was allowed to testify that the rally was one of the Black Panther Party. It is contended that that testimony was prejudicial, in that it put before the jury defendant's connection with an unpopular group. It is not clear from the record that the objection now made was ever presented to the trial court. In any event, we see no error. The victim, under cross-examination by appellant, had testified as to his political beliefs and to his speculation as to the reason for the attack on him. In that connection, he had referred to defendants as being involved in the "Black Liberation Army" and the Black Panther Party. Having thus introduced the subject, defendant cannot object that the prosecution pursued it further.

## V

■ It is contended that the sentences, as pronounced, violate the requirements of section 654 of the Penal Code. We agree that it was improper to sentence defendant for both conspiracy to commit murder of Lasky under count I and for assault with intent to commit murder on Lasky under count V (*People* v. *Scott* (1964) 224 Cal.App.2d 146, 151-152 [36 Cal.Rptr. 402]); the sentence on count V is vacated.

Apart from section 669 of the Penal Code, we know of no statutory or judicially recognized procedure such as "merging for the purpose of sentencing," without the express imposition of a sentence on one of the counts so "merged." We regard that portion of the judgment herein as intended to achieve the result approved by us in *People* v. *Curtis* (1965) 237 Cal.App.2d 599, 602 [47 Cal.Rptr. 123]—namely as being the equivalent of imposing a sentence on, and only on, the most serious of the three counts herein involved, i.e., robbery.[1]

It follows that the sentence, insofar as it purports to impose a sentence on counts II and IV is vacated. Since conspiracy to commit murder is punishable by life imprisonment (Pen. Code, § 182) the sentence remaining on count III is, in the words of section 669 of the Penal Code, "merged and runs concurrently with such life term."

[1]We point out that, subsequent to *Curtis*, the Supreme Court indicated in *In re Wright* (1967) 65 Cal.2d 650, 655, fn. 4 [56 Cal.Rptr. 110, 422 P.2d 998], that the preferred procedure in such a situation is that approved in *People* v. *Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11].

The judgment is modified to read as follows: "It is therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the state prison for the term of his natural life as to count I, and for the term prescribed by law as to count III; pursuant to section 669 of the Penal Code, the sentence as to count III is merged with and shall run concurrently with, the sentence on count I. No sentence is imposed on counts II, IV and V." As so modified, the judment is affirmed. The attempted appeal from "any and all orders substantially affecting his rights prior to judgment" is dismissed.

Jefferson, Acting P. J., and Dunn, J., concurred.