An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES WESLEY WATSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62210

FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of battery with a deadly weapon and child abuse.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

While on a family outing, appellant became intoxicated and eventually he and his wife argued over who would drive home. At some point, appellant's wife and stepdaughter exited appellant's truck, and he chased his stepdaughter while driving the truck and ran over his wife. Appellant pleaded no contest to battery with the use of a deadly weapon and child abuse and was sentenced to consecutive prison terms of 48 to

---

[1]We note that the judgment of conviction indicates that appellant pleaded guilty. However, the record clearly shows that appellant entered a plea of no contest.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14367

120 months for battery with a deadly weapon and 24 to 60 months for child abuse. Appellant challenges his sentences on appeal.

First, appellant argues that the district court abused its discretion by imposing consecutive sentences considering that he does not have a significant criminal record, his wife suffered no permanent physical injuries, and he suffers from alcoholism. A district court enjoys broad discretion in sentencing matters, *see Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), including the discretion to impose consecutive sentences, *see* NRS 176.035(1); *Warden, Nev. State Prison v. Peters*, 83 Nev. 298, 303, 429 P.2d 549, 552 (1967). The district court was aware of the mitigating circumstances to which appellant refers. Nevertheless, the district court concluded that consecutive sentences were appropriate because appellant's "horrible violence" was "directed clearly at different people." We discern no abuse of discretion in this instance.

Second, appellant suggests that the district court's sentencing decision was improperly based on his unwillingness to acknowledge his guilt by entering a no contest plea. In this, he argues that the district court concluded that he was avoiding responsibility for his crimes by blaming his actions on alcoholism. At sentencing, counsel acknowledged appellant's alcoholism and represented that appellant had consumed sufficient alcohol on the day of the incident to black out, leaving him with no recollection of the event. The district court clearly considered appellant's alcoholism but was also influenced by the violent nature of the offenses and the fact that two victims were involved. Given appellant's reliance upon his alcoholism as mitigation and the district court's

consideration of other factors in its sentencing decision, we discern no error in this regard.

Having considered appellant's claims and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                             Saitta

cc:     Hon. Steve L. Dobrescu, District Judge
        State Public Defender/Ely
        State Public Defender/Carson City
        Attorney General/Carson City
        White Pine County District Attorney
        White Pine County Clerk