# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT TIMOTHY ESTALL, II,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67174



FILED

SEP 1 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of conspiracy to commit robbery, burglary while in the possession of a firearm, first-degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, battery, and battery with the intent to commit a crime. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Robert Estall raises three issues.

First, Estall claims that the district court improperly instructed the jury on flight because the evidence adduced at trial indicated that he merely left the scene of the crime, that he abandoned his car and went to California, and that he did nothing to secret himself from the police. Because the State presented evidence from which the jury could reasonably infer that Estall's departure after the crime signified "'something more than a mere going away,'" *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005) (quoting *State v. Rothrock*, 45 Nev. 214, 229, 200 P. 525, 529 (1921)); *see also Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005), we conclude that the district court did not err in giving the flight instruction, *see Crawford v. State*, 121 Nev. 744, 748, 121

P.3d 582, 585 (2005) (stating that instructional error is reviewed for abuse of discretion or judicial error).

Second, Estall claims that the district court erred by denying his presentencing motion to vacate the verdict, in which he argued that trial counsel failed to communicate a plea offer and therefore violated his right to the effective assistance of counsel. We conclude the district court did not abuse its discretion by declining to consider the ineffective-assistance claim on the ground that it should be raised in a postconviction petition.[1] *See Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 507 (2001) (holding that claims regarding ineffective assistance of counsel are properly raised in a timely, postconviction petition for a writ of habeas corpus).

Third, Estall claims that there was insufficient evidence to support his kidnapping conviction because any movement or restraint of the victim was incidental to the robbery. We "view[ ] the evidence in the light most favorable to the prosecution," to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v.* State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (alteration in original) (quotation marks omitted). After speaking with the victim outside his home, with the door to the residence

---

[1]While Estall relies on *Warden v. Peters*, 83 Nev. 298, 429 P.2d 549 (1967), for the proposition that a motion to vacate a verdict can be used to assert ineffective assistance of counsel, *Peters* is distinguishable as it involved a postconviction motion to vacate a verdict based on a mistake in rendering judgment. Further, the *Peters* court noted that "the matter probably should have been raised by a petition for habeas corpus." *Id.* at 301, 429 P.2d at 551.

shut, Estall and his codefendant attacked the victim from behind as he attempted to reenter the home and forced him into the residence. Once inside, Estall and his codefendant covered the victim's mouth, slammed him to the floor with his arms behind his back where he had difficulty breathing, hit him in the head causing the victim to bleed, took money from a cookie jar in the kitchen, and then demanded at gunpoint that the victim lead the way to the garage where a safe was located. After the men had located and taken marijuana, they told the victim not to move from where he was (kneeling with his face on a chair) and to count to 100 while the men left.[2] Based on this evidence, we conclude that a rational juror could have found beyond a reasonable doubt that moving the victim "create[d] a risk of danger to the victim substantially exceeding that necessarily present in the crime of robbery, or involve[d] movement, seizure or restraint substantially in excess of that necessary to [complete the associated crime]." *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006) (explaining when dual convictions for robbery and kidnapping are permissible and upholding dual convictions where defendant seized the victim, pulled him inside a house, and severely beat him before robbing him); *see also Gonzales v. State*, 131 Nev., Adv. Op. 49, 354 P.3d 654, 665 (Ct. App. 2015) (upholding dual convictions because movement of the victim from a public place, a garage with the door open, into a private

_____

[2]To the extent Estall argues that all the movement was not at his direction, we conclude this argument lacks merit as Estall was charged as the principal and, alternatively, as an aider or abettor for the crime of kidnapping.

one, the residence, can support a jury's conclusion that the movement substantially increased the risk of harm to the victim).[3]

Having concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Michelle Leavitt, District Judge
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]As to any claim that the kidnapping was incidental to the crime of burglary, Estall fails to provide cogent argument or relevant authority; therefore, we decline to consider this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).