IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY LEON BANKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71524

FILED

JUN 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Gregory Leon Banks' June 22, 2016, postconviction petition for a writ of habeas corpus as procedurally barred. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.[1] Banks argues that his postconviction challenge to the trial court's subject matter jurisdiction was not subject to the procedural bars. We disagree and affirm.

Banks was convicted, pursuant to a guilty plea, on June 12, 2013, and did not file a direct appeal. He filed a timely postconviction habeas petition, which the district court denied. The Court of Appeals affirmed. *Banks v. State*, Docket No. 66962 (Order of Affirmance, Ct. App., May 20, 2015).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-19895

Banks filed the petition at issue here more than two years after the entry of the judgment of conviction. The petition thus was untimely filed. *See* NRS 34.726(1). The petition also was successive because he had filed a previous postconviction habeas petition that was decided on the merits and constituted an abuse of the writ because it raised a new and different claim that could have been raised before. *See* NRS 34.810(2). Banks' petition was thus procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Banks argues that the trial court lacked subject matter jurisdiction because he pleaded guilty to a fictitious charge and that this challenge to subject matter jurisdiction may be raised at any time, such that it constitutes good cause. Banks is mistaken as his claim does not implicate the trial court's jurisdiction. *See* Nev. Const. art. 6, § 6; NRS 171.010; *United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[T]he term jurisdiction means . . . the court's statutory or constitutional power to adjudicate the case." (internal quotation marks omitted)). Further, the claim was reasonably available to be raised in a timely petition, and he has not demonstrated an impediment external to the defense to excuse its untimeliness. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Therefore, we conclude that the district court did not err in denying Banks' petition as procedurally barred.[2]

---

[2]Banks' reliance on this court's decision in *Warden v. Peters*, 83 Nev. 298, 429 P.2d 549 (1967), is misplaced for two reasons. First, that case is distinguishable because it involved correcting an injustice done where an unrepresented defendant pleaded guilty to a crime while ignorant of the fact that a material element was not present, *id.* at 301-03, 429 P.2d at

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Having considered Banks' contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Jennifer P. Togliatti, District Judge
Gregory Leon Banks
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

. . . *continued*
551-52, whereas Banks had counsel and made a strategic decision to plead guilty to a charge that could have led to a more favorable sentence. And second, *Peters* predates Nevada's current statutory scheme for postconviction habeas remedies and thus does not bear on the good-cause requirement to excuse the procedural bar under the applicable statutes. *See Harris v. State*, 130 Nev., Adv. Op. 47, 329 P.3d 619, 625-26 (discussing how *Peters'* attempt to fashion a common-law remedy was superseded by Nevada's current postconviction habeas statutes).