MARY W. RENZ *v*. TOWN OF MONROE

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 8—decided March 22, 1972

*David O. Chittick,* with whom, on the brief, was *Thomas J. Dolan,* for the appellant (plaintiff).

*Gerard S. Spiegel.* for the appellee (defendant).

HOUSE, C. J. The facts in this case are not in dispute. On October 1, 1969, and for some years prior thereto, the plaintiff Mary W. Renz was the owner of land in the town of Monroe, known as the Whitney-Renz Farm. On or about September 12, 1969, she filed an application with the office of the Connecticut state forester to have a portion of the land classified as forest land under § 12-107d of the General Statutes. She wished to have this property so classified on the town of Monroe grand list of October 1, 1969, since a forest land classification results in a reduced assessment and consequent tax saving to the owner.

On October 1, 1969, a service forester wrote to the plaintiff requesting that a map of the premises be supplied and estimating that the property would be inspected on October 15, 1969. A short time thereafter, the plaintiff sent the requested map and the land was subsequently inspected by a representative of the office of the state forester.

On October 24, 1969, the state forester issued a "Certificate of Land Designated as Forest Land" covering 177 acres owned by the plaintiff.[1] On October 29, the plaintiff filed an application with the assessor for the town of Monroe for a forest land classification for that property on the grand list of October 1, 1969. On November 10, 1969, the application was denied by the assessor on the ground that "the certification was after Oct. 1, 1969. Cer-

---

[1] Pursuant to an amendment to the certificate, dated November 20, 1969, the area classified as forest land was reduced to 112 acres, based on an adjustment for the record title of the property.

tification by the State Forester was October 24, 1969." The plaintiff appealed the assessor's decision to the Court of Common Pleas and from the dismissal of that appeal she has appealed to this court.

The single issue briefed and argued by the parties is whether, under § 12-107d of the General Statutes, the owner of land which, after the date of an assessment list, is certified by the state forester as forest land is entitled to an exemption for that land on that earlier assessment list.

Section 12-107d of the General Statutes states, in part: "(c) An owner of land designated as forest land by the state forester may apply for its classification as forest land on any assessment list of a municipality by filing a written application for such classification with the assessor of such municipality not earlier than thirty days before nor later than thirty days after the date of such assessment list and, if the state forester has not cancelled his designation of such land as forest land as of a date at or prior to the date of such assessment list, such assessor shall classify such land as forest land and include it as such on such assessment list." The plaintiff contends that the word "designated" as used in the statute requires only that the certification by the state forester must be issued no later than the latest time specified by the statute for filing an exemption application with the assessor. Thus, it is her claim that property, although designated as forest land by the state forester after the date of the assessment, is, nevertheless, eligible for a forest land exemption as of the assessment date so long as a proper application is filed with the assessor within thirty days after the assessment date. With this contention, we cannot agree.

The quoted portion of the statute, § 12-107d (c), clearly requires that annual applications for forest land exemption must be made to the local assessor even though the forest land designation by the state forester is of long standing and has not been canceled pursuant to § 12-107d (b) of the General Statutes.[2] That § 12-107d (c) permits annual applications for forest land classification to be filed during the period beginning thirty days before the assessment date and ending thirty days after the assessment date in no way affects the requirement that the land must be designated as forest land on the assessment date. Such "grace" periods for filing applications for and proof of tax exemption requirements are common but they do not alter the fact that it is the situation as it exists on the date of the assessment list which governs eligibility for an exemption or a more favorable tax assessment. Nowhere does the statute purport to state that designation of forest land made by the state forester after the assessment date will be given a retroactive effect. Indeed, if the state forester cancels his designation, the statute clearly states that cancellation must be "as of a date at or prior to the date of such assessment list" if that cancellation is to affect such assessment list. § 12-107d (b).

Statutes which grant exemptions from taxation must be strictly construed and no claimant is entitled to an exemption unless he satisfies all the statutory

---

[2] "[General Statutes (Rev. to 1964)] Sec. 12-107d. CLASSIFICATION OF LAND AS FOREST LAND. . . . (b) When requested to do so by such assessor or whenever he deems it necessary, the state forester shall reexamine land designated by him as forest land and, if he finds that it is no longer forest land, he shall issue a triplicate certificate cancelling his designation of such land as forest land, and file one copy of such certificate in his office, furnish one to the owner of the land and file one in the office of such assessor."

requirements. *Hoenig* v. *Connelly,* 141 Conn. 266, 272, 105 A.2d 775; *Klein* v. *Bridgeport,* 125 Conn. 129, 131, 3 A.2d 675. This statute is clear in its terms. For the land to qualify for assessment as forest land on the list of October 1, 1969, it must have been designated as forest land on or before that date. Since the plaintiff's land was not so designated until after October 1, 1969, the trial court properly rendered judgment for the defendant.

There is no error.

In this opinion the other judges concurred.