Bryan H. Marsh et al. *v.* F. George Brown,
Tax Commissioner

Superior Court　　　　Hartford County　　　　File No. 183108

Memorandum filed April 15, 1974

*Murtha, Cullina, Richter & Pinney,* of Hartford,
for the plaintiffs.

*Robert K. Killian,* attorney general, and *Ralph G.
Murphy,* assistant attorney general, for the defendant.

David M. Shea, J. The plaintiff Bryan H. Marsh
was also a plaintiff in *Kellems* v. *Brown,* 163 Conn.
478, in which the Connecticut Supreme Court, upon
a reservation, answered several questions relating
to the validity and interpretation of chapter 224
of the General Statutes, entitled "Capital Gains and

Dividends Tax." In the response to one of the questions, it was held that long-term capital gains were taxable only to the extent of 50 percent instead of 100 percent as the tax commissioner had instructed taxpayers before the returns due on April 15, 1972, were filed.

On October 25, 1972, the plaintiffs filed a claim for a refund with the commissioner, seeking $2657 as the amount of the overpayment resulting from the erroneous instructions regarding the taxability of long-term capital gains, plus interest at 6 percent from April 15, 1972, to the date of payment of the refund. Some time after the decision in *Kellems* v. *Brown,* supra, the commissioner made a public announcement that taxpayers would not have to file refund claims and that overpayments would be refunded automatically in due course. It is not clear from the stipulation in this case whether this announcement came before or after the plaintiffs filed their claim. On March 28, 1973, the plaintiffs received a check for $2657, the amount of the over-payment, but no amount in payment of the interest claimed. Upon further inquiry it appeared that the interest claim had been rejected because a "recent Supreme Court decision made no provision for payment of interest on refunds." The plaintiffs then requested a hearing on their interest claim, pursuant to General Statutes § 12-521. On July 2, 1973, the commissioner denied the request for a hearing, advising that "in the absence of a statutory provision for the payment of interest and lack of directive by the Superior Court of Hartford County to pay such interest, no relief can be granted . . . and a hearing would serve no purpose."

## I

At the outset, the defendant attacks the jurisdiction of this court over the subject matter of this

suit. The grounds relied upon are (1) that the plaintiffs are not "aggrieved" persons entitled to appeal under General Statutes § 12-522, because the refusal of the defendant to pay the interest claimed was in accordance with the provisions of the statutes involved, which make no provision for such payment, and (2) that the communications sent by the defendant to the plaintiffs refusing their interest claim do not constitute any "order, decision, determination or disallowance" from which an appeal might be taken. The same grounds were raised previously in a motion to erase and a demurrer filed by the defendant, both of which were determined adversely to his contentions. The court may accept those determinations as the "law of the case," if it agrees with them. *State* v. *Mariano,* 152 Conn. 85, 91; 21 C.J.S., Courts, § 195. In this case, however, the application of that doctrine would not relieve the court from the necessity of redetermining those issues to ascertain whether it agrees with the prior decisions on them.

The first ground urged by the defendant commits the fallacy of argumentum in orbem. It is argued that because the commissioner can find no statutory authority for payment of interest on a refund claim, the plaintiffs are not aggrieved by any determination made under the taxation statutes, and therefore the court is precluded from deciding whether there is any such authority. The question begging nature of this argument is obvious. Indeed, the defendant has agreed in the stipulation that "if the plaintiffs are entitled by law to interest on their refund, the refusal by the defendant to pay such interest makes the plaintiffs aggrieved." If the defendant's reasoning were to be followed, no decision of the commissioner would be appealable, because every claim he denies must ultimately be based on his conclusion that the statutes involved do

not authorize him to approve the claim, even where he may have some discretion in determining the facts.

The second ground is equally fallacious. The defendant contends in his brief that his letters refusing to pay the claim were merely "informational statements informing the plaintiffs that no authority existed for payment of the requested interest." It is familiar that "a rose by any other name would smell as sweet," and it follows that a denial of a claim, in whatever prose it may be couched, is equivalent to disallowance, so far as the taxpayer is concerned, and an appeal may be taken.

## II

The substantial issue in the case is whether the court is empowered to award interest on a refund for a tax overpayment where the refund was made by the commissioner before commencement of suit. The function of the reviewing court is set forth in General Statutes § 12-522: "Said court may grant such relief as may be equitable and, if such tax has been paid prior to the granting of such relief, may order the treasurer to pay the amount of such relief, with interest at the rate of six per cent per annum, to the aggrieved taxpayer." Under this provision, the defendant must concede that if the plaintiffs' claim for the sum overpaid had been disallowed in whole or in part, the court on appeal would be obliged to award interest on the principal amount of the refund ordered or at least would have discretion to do so. The defendant, however, claims that, since the entire amount of the overpayment was refunded prior to this appeal, no further tax refund can be ordered, and therefore no interest can be awarded.

Several tax appeal statutes make no express provision for interest upon refunds ordered by the

court. Places of amusement tax, General Statutes § 12-337 ("refund of so much of such tax as was illegally assessed"); gasoline and special fuel tax, § 12-461 ("refund of so much of the amount of such tax as was illegally imposed"); succession and transfer tax, § 12-367 (d) ("refund . . . in an amount equal to the difference between the tax paid and the tax actually due"). Some of the tax statutes authorize appeal or suits directly against the state for refunds with various provisions for relief, none of them expressly allowing interest on the amount of the refund. Special fuel tax, General Statutes § 12-472 ("[a]ny taxes, interest or penalties illegally or erroneously collected . . . or any refund required to be made which is wrongfully denied or withheld"); estate tax, § 12-394 ("such relief as the law allows"); motor carrier road tax, § 12-489 (no definition of relief to be granted).

The language of General Statutes § 12-522 of the capital gains and dividends tax is identical in all material respects to the corresponding appeal provisions of the insurance company tax (§ 12-208), the corporation business tax (§ 12-237), the public service company tax (§ 12-268*l*), the cigarette tax (§ 12-312), the education, welfare and public health tax (§ 12-422), the alcoholic beverages tax (§ 12-448), and the admissions, cabaret and dues tax (§ 12-554). Interest upon the "amount of such relief" ordered by the court is expressly authorized or mandated. It is clear that if the court in the instant case should grant as relief a refund of the interest claimed to the date when the tax overpayment was returned to the plaintiffs, the statute would authorize a further award of interest upon that sum to the date of judgment.

In contrast to General Statutes § 12-522, no express provision for payment of interest upon

refunds made administratively before appeal is contained in § 12-521, the source of the authority of the commissioner to make refunds of overpayments of the capital gains and dividends tax. This statute provides that "[a]ny person, aggrieved by the action of the commissioner or his authorized agent in fixing the amount of any tax, penalty or interest . . . may apply to the commissioner . . . for a hearing and a correction of the amount of the tax, penalty or interest so fixed." The commissioner may grant or deny the hearing requested. After a hearing, the commissioner "may make such order in the premises as appears to him just and lawful." Substantially identical provisions relating to the power of the commissioner to make refunds appear in corresponding sections of the corporation business tax (General Statutes § 12-236), the public service company tax (§ 12-268i), the cigarette tax (§ 12-311), the education, welfare and public health tax (§ 12-421), the alcoholic beverages tax (§ 12-447), and the admissions, cabaret and dues tax (§ 12-553).

The statutory language empowering the commissioner to "make such order in the premises as appears to him just and lawful" seems quite broad and general in contrast to the description of his authority in some other taxation statutes, such as the special fuels tax statute, § 12-471 (if "taxes or interest or penalties imposed . . . have been erroneously or illegally collected . . . [the] user shall be entitled to a refund thereof"); or the succession and transfer tax statute, § 12-367 (d) ("refund is due in an amount equal to the difference between the tax paid and the tax actually due"). Nevertheless, the only statutory provisions for interest upon refunds made administratively by the commissioner are found in the sections on the corporation business tax (§ 12-227) and the public service company tax (§ 12-268c). These enactments, both of

which antedate the passage of the capital gains and dividends tax, indicate that the legislature construed the administrative refund sections of these two earlier statutes as not calling for interest upon such refunds. Presumably the legislature took the same view of the limited scope of the administrative refund provisions of the capital gains and dividends tax (§ 12-521), when the identical language was used to describe the function of the commissioner. It is a familiar principle of statutory construction that where the same words are used in related statutes, they will ordinarily be given the same meaning. *State ex rel. Hyde* v. *Dowe,* 129 Conn. 266, 271; *Beacon Falls* v. *Seymour,* 44 Conn. 210, 217. Another familiar maxim, inclusio unius est exclusio alterius, would imply that the omission of an express provision for interest upon refunds made by the commissioner in respect to the capital gains and dividends tax was purposeful, when such a provision had been made in the corporation business tax and the public service company tax statutes. The same principle would suggest similar import to the inclusion of an express provision for interest on refunds ordered by the court in General Statutes § 12-522 and the absence of such a provision in § 12-521.

The incongruity of statutes providing for an administrative refund without interest and a refund upon appeal with interest has received judicial sanction. *Cannon* v. *Maxwell,* 205 N.C. 420, 422. There is a division of authority on the question whether a refund, judicial or administrative, should carry interest in the absence of an express statutory provision. Note, 88 A.L.R.2d 823, 825, 835. The commentators do not agree as to what is the general rule. 71 Am. Jur. 2d, State and Local Taxation, § 611; 84 C.J.S. 1271, Taxation, § 633. Connecticut is listed as one of the states allowing interest on the refund in the absence of an express provision, on

the basis of *McMurtry* v. *State,* 111 Conn. 594. In that case, in holding that a tax imposed on the exercise of a power of appointment created by the will of a nonresident was unconstitutional, the court answered affirmatively the related question of whether the succession tax paid should be refunded with interest from the date of payment. No question was raised or discussed relating specifically to the propriety of paying interest on the refund. In New York, a distinction has been made to allow interest on a refund arising from the imposition of a void or unconstitutional tax and to deny it, absent any statutory direction, where an excessive tax has been collected under a valid statute. *Matter of Brodsky* v. *Murphy,* 25 N.Y. 2d 518, 522. In the *Brodsky* case, it is interesting to note that the New York Court of Appeals took a contrary position on the allowance of interest on refunds to that which the annotator assumed would prevail in that state. Note, 88 A.L.R.2d 823, 825.

In two cases involving the corporation business tax, where the taxpayer successfully appealed the determination of the commissioner and a refund was directed by the court, interest was also ordered on the amount of the refund. *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143; *United Aircraft* v. *Connelly,* 145 Conn. 176. No discussion of the interest question appears in these opinions for the obvious reason that the appeal provision expressly provided for interest on a refund ordered by the court, in words similar to those used in General Statutes § 12-522. Cum. Sup. 1935, § 435c; as amended, General Statutes § 12-237. By the time the case of *United Aircraft* v. *Connelly,* supra, was decided, the statute directing the payment of interest on administrative refunds of the corporate business tax had also been enacted. Cum. Sup. 1955, § 1104d; as amended, General Statutes § 12-227.

It is an obsolete notion that the state should not be required to pay interest on tax refunds, especially where, as in this case, it actually has profited by investing the overpaid taxes in interest bearing securities. Such considerations have impelled some courts to change previous rulings on the subject. *Milwaukee* v. *Firemen Relief Assn.*, 42 Wis. 2d 23. Others have resisted the inclination to achieve uniformity by judicial decree on the ground that "[t]here are just too many tax statutes that cover the issue expressly, one way or the other." *Brodsky* v. *Murphy,* supra, 523. Our Supreme Court seems to have approved the award of interest, within the discretion of the trier, in a contract action against the state, where sovereign immunity had been waived by statute. *Southern New England Contracting Co.* v. *State,* 165 Conn. 644, 664.

Nevertheless, the intention of the legislature must prevail where it is ascertainable. Unless the amendments to the corporation business tax and the public service company tax statutes which expressly allow interest on administrative refunds are to be deemed superfluous, the pertinent provisions of these statutes did not previously provide for payment of such interest by the commissioner. The same construction must be given to the same language when the legislature copied these provisions in enacting §§ 12-521 and 12-522 of the capital gains and dividends tax act. In the judgment of this court, the righting of this evident injustice must be left to the legislature.

It is ordered that judgment enter dismissing the appeal.