STATE OF CONNECTICUT *v.* GEOFFREY KYLES

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 8—decision released September 2, 1975

*Thomas F. Brown,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LONGO, J. The defendant was arrested on September 22, 1972, for robbery with violence. He was arraigned on the date of arrest, and held at the Connecticut Correctional Center, New Haven, in lieu of bond. After the Circuit Court found probable cause, he was bound over to the Superior Court, which took jurisdiction on December 18, 1972. An information was filed on February 15, 1973. The defendant first appeared in the Superior Court on February 27, 1973, in response to the charge. That evening, the defendant, with approximately seventeen other inmates, escaped from the correctional center, and within twenty-four hours the defendant was captured in Milford with several other escapees. On March 6, 1973, he was charged by an

information with counts of kidnapping, escape and assault. That information was later amended by a substitute information filed October 17, 1973, by withdrawing the kidnapping counts. On July 24, 1973, the state nolled the charge of robbery with violence, which was the original cause of the defendant's confinement. The defendant was, however, later convicted of the escape from the correctional center and of two counts of assault, second degree.

The defendant has abandoned the first two assignments of error in his brief and has briefed six other issues. He claims error in the denial by the court, at his trial for assault and escape, of his offer of proof that he was illegally arrested and illegally bound over from the Circuit Court to the Superior Court with respect to the robbery with violence charge, and detained contrary to Connecticut statutes and his constitutional rights. He attacks the portion of the charge which stated: "Even if the defendant might have been innocent of the charge for which he was being held and had been arrested, he would not be justified in escaping from jail." The defendant further assigns as error the denial by the court of his motions to dismiss.

In his first motion, the defendant claimed that since the state did not present the defendant on the robbery charge in accordance with General Statutes § 54-53a within forty-five days of his arrest, his detention on the date of his escape was, therefore, illegal, and justified his escape. In his second motion to dismiss, the defendant claimed that the irregularities in the process rendered his detention illegal and also justified his escape. All of the assignments of error depend on his contention that

the assault and escape statutes as applied are unconstitutional because they should be required to preserve the defense of illegal confinement.[1]

Under our statutes, illegal confinement is no defense to escape or to assault on a correctional officer. This is clearly indicated by the change from prior statutes,[2] in that the new legislation eliminated any prerequisite that a person be "legally confined." It must be presumed that when the legislature changed the language, it intended to change the meaning. *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 99, 291 A.2d

---

[1] General Statutes § 53a-60, as amended, provides in pertinent part: "Sec. 53a-60. ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when: . . . (5) he is committed to the commissioner of correction, or is a parolee from a correctional institution and with intent to cause physical injury to an employee of the department of correction or an employee or member of the board of parole, he causes physical injury to such employee or member. . . ."

General Statutes § 53a-169, as amended, provides in pertinent part: "Sec. 53a-169. ESCAPE IN THE FIRST DEGREE, FROM A CORRECTIONAL INSTITUTION: CLASS C FELONY. (a) A person is guilty of escape in the first degree (1) if he escapes from a correctional institution . . . ."

[2] Prior to their repeal by 1969 Public Acts, No. 828, § 214, effective October 1, 1971, §§ 53-155 and 53-160, read as follows:

"[General Statutes] Sec. 53-155. ESCAPE FROM CORRECTIONAL INSTITUTION. Any person *legally confined* in any correctional institution, except The Connecticut State Farm for Women, who escapes or attempts to escape from such institution or from any other institution to which he has been transferred from such institution or from the custody of any person in whose charge he has been placed by the warden or superintendent of such institution shall be imprisoned not more than ten years." (Emphasis supplied.)

"[General Statutes] Sec. 53-160. ESCAPE OR ATTEMPT TO ESCAPE WITH VIOLENCE. Any person *legally confined* in any correctional institution, who escapes or attempts to escape therefrom and, in the execution of such escape or attempt, offers any violence to the person of any officer of such institution or of any person attempting to prevent his escape therefrom, shall be imprisoned not more than ten years." (Emphasis supplied.)

721; *Pierce* v. *Albanese,* 144 Conn. 241, 247, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21. Furthermore, it must be presumed that the legislature was aware of prior judicial decisions following the common-law rule that it is lawful for a person to use force to resist an unlawful arrest as set forth in *State* v. *Amara,* 152 Conn. 296, 299, 206 A.2d 438, and *State* v. *Engle,* 115 Conn. 638, 648, 162 A. 922, or to escape from a confinement when the process under which he has been detained is invalid as enunciated in *State* v. *Leach,* 7 Conn. 452, 456. See also *Renz* v. *Monroe,* 162 Conn. 559, 562, 295 A.2d 558; *Little* v. *United National Investors Corporation,* 160 Conn. 534, 541, 280 A.2d 890; *Brown* v. *Cato,* 147 Conn. 418, 421, 162 A.2d 175.

The defendant in his brief argues that the statutes deprive him of his liberty as guaranteed by the fourteenth amendment to the United States constitution and the due process clause found in article first, § 8, of the Connecticut constitution. He asserts further that the statutes provide for cruel and unusual punishment, prohibited by the eighth amendment to the United States constitution and article first, § 9, of the Connecticut constitution. The due process clauses of the federal and state constitutions have the same meaning and impose similar limitations. *Katz* v. *Brandon,* 156 Conn. 521, 537, 245 A.2d 579; *State* v. *Doe,* 149 Conn. 216, 226, 178 A.2d 271. Where a statute is attacked, it is presumed to be constitutional unless it is clearly invalid. *Schwartz* v. *Kelly,* 140 Conn. 176, 179, 99 A.2d 89, appeal dismissed, 346 U.S. 891, 74 S. Ct. 227, 98 L. Ed. 394, and cases cited.

The basic test which the statutes in question must meet was set forth in *McCulloch* v. *Maryland,* 17

U.S. (4 Wheat.) 316, 421, 4 L. Ed. 579, by Chief Justice Marshall: "Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist with the letter and spirit of the constitution, are constitutional." See *Pierce* v. *Albanese,* 144 Conn. 241, 249, 129 A.2d 606. We have carefully reviewed the defendant's assertions although he has not enunciated in what manner the statutes attacked fail to meet constitutional requirements.

That no person should take the law into his own hands is so basic to our legal tradition that it needs no citation. The statutes attacked by the plaintiff operate to protect the basic concept that criminal cases ought to be decided by evidence in the courts of law and not by combat at the prison walls. They operate to protect the legal system, to promote order and safety of persons, and to deter a detainee from prolonging his sentence should he be convicted. *People* v. *Briggs,* 19 N.Y.2d 37, 42, 224 N.E.2d 93; *People ex rel. Haines* v. *Hunt,* 229 App. Div. 419, 242 N.Y.S. 105. See comments, 79 Harv. L. Rev. 847 and 60 W. Va. L. Rev. 369. See cases cited in note, Justification for Escape, 70 A.L.R.2d 1430, and Later Case Service; 30A C.J.S., Escape, § 5; 27 Am. Jur. 2d, Escape, Prison Breaking, and Rescue, § 9. The defendant's proper remedy for any illegal detention was by resort to the courts by means of a writ of habeas corpus. It is the court, not the defendant, which has the authority to decide whether the defendant was lawfully confined.

The defendant in his brief asserts that the sentence received for escape constitutes cruel and unusual punishment. The defendant supervised,

with two other inmates, an assault on correctional officers so severe that another inmate interceded for more gentle treatment of a correctional officer and this inmate was also assaulted by the defendant. The defendant led a mass escape of a total of eighteen prisoners. "A sentence which is within the statutory limits, as this sentence was, is not, as a matter of law, cruel and unusual punishment. *State* v. *McNally,* 152 Conn. 598, 603, 211 A.2d 162, cert. denied, 382 U.S. 948, 86 S. Ct. 410, 15 L. Ed. 2d 356." *State* v. *Williams,* 157 Conn. 114, 121, 249 A.2d 245, cert. denied, 395 U.S. 927, 89 S. Ct. 1783, 23 L. Ed. 2d 244. The sentence was not so disproportionate to the offense as to constitute cruel and unusual punishment. *Weems* v. *United States,* 217 U.S. 349, 368, 30 S. Ct. 544, 54 L. Ed. 793.

The statutes, as well as the sentence imposed, do not violate the United States or Connecticut constitution.

Matters relating to charges other than the assaults and escape for which the defendant was being prosecuted would have been confusing and irrelevant. Hence, the court correctly instructed the jury to disregard them. The exclusion of the offer of proof and the denial of the defendant's motions to dismiss are sustained for the same reasons.

There is no error.

In this opinion the other judges concurred.