[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE AND SET ASIDE JUDGMENT
The motion of the defendant, Town of Sherman, dated September 29, 1992, raises four grounds, three of them general and conclusory. On the face of the motion, it does not assert any claims that were not argued and briefed by the parties before the original judgment. A motion to reargue does not exist under the Practice Book, and while the court has discretion to reconsider a prior ruling, judicial efficiency dictates that the party should not be allowed except in rare and exceptional cases to reargue factual and legal issues which were considered and ruled upon.
The claim that the appeal was not properly taken under section 12-119 of the General Statutes was discussed in the memorandum of decision and the defendant's motion has not specified any other basis for a claim that the court did not have jurisdiction over the appeal.
The three special defenses, based on sections 12-504b,12-504f and 12-504h of the General Statutes were all discussed and rejected in the prior decision.
The defendant attempts to raise again its claim, essentially raised by the first special defense, that the plaintiff had to formally request reclassification of the property as forest land under section 12-504f. At oral argument on this motion, the defendant raised for the first CT Page 11560 time a claim that Renz v. Monroe, 162 Conn. 559 required reapplication to the assessor for the forest land application, and that the corporate dissolution was really a sale of the property by the record owner within the meaning of section 12-504h because of sections 33-372 and 33-380 of the General Statutes. What occurred here, namely the dissolution of a corporation and distribution of its assets to the sole shareholder, was not a sale of assets under section 33-372. If the transaction here is covered by section 33-380 of the General Statutes, the distribution does not amount to a sale by the record owner under section12-504h.
In Renz v. Monroe, supra, the state forester's certification was made after the assessment date, so the assessor properly denied a forest land application. In this case, the designation by the state forester occurred prior to the October 1, 1990 assessment date. In addition, section12-107d(c) of the General Statutes provides in part that "if the state forester has not cancelled his designation of such land as forest land as of a date at or prior to the date of such assessment list, such assessor shall classify such land as forest land. . . ." The state forester never discontinued the forest land classification, so the assessor was required to continue it. The plaintiff was not required to request classification by the state forester or the assessor because section 12-504h provides that forest land shall remain classified as such without the filing of a new application, notwithstanding the provisions of section 12-107d of the General Statutes unless the use of the land is changed or the land is sold by the record owner.
Sections 12-504f and 12-504h must be read together. Both provisions were part of Public Act 74-343. Even though the size and physical condition of a parcel of land may qualify for the forest land classification, section 12-504f
provides that once the classification is obtained, it does not run with the land. This does not mean, however, that a change of ownership automatically terminates the forest land classification. Section 12-504h, a specific statute on the subject, requires [absent a change of use of the land itself] a sale of the land by the record owner. Section 12-504h does not provide for termination on conveyance or transfer of title or other similar land transactions. The legislature could have used such phrases if that was its intent. If the CT Page 11561 effect of the transfer here was to terminate the forest land classification, the defendant would be correct that the property would have to be recertified by the state forester and another application made to the assessor prior to the assessment date. However, under section 12-504h, the dissolution of the corporation and resulting change of record ownership to the plaintiff did not terminate the classification. Since the state forester never cancelled designation of the land as forest land, the assessor was required by section 12-107d(c) and section 12-504h to continue the forest land classification without a formal application from the plaintiff, which wanted the classification continued.
The motion is denied.
ROBERT A. FULLER, JUDGE