[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS BY DEFENDANT YVONNERODRIGUEZ-SCHACK
Plaintiff Michael Scott Bloor, an inmate at the Connecticut Correctional Institute in Cheshire, has brought suit against defendant Yvonne Rodriguez-Schack, the Farmington Police Department, Farmington Police Chief Leroy Bingham, Farmington Police Officer Angela Deschenes, and the Town of Farmington.
In regard to defendant Rodriguez-Schack, a public defender for the State of Connecticut, plaintiff alleges that she was appointed counsel for him on July 7, 1992, that upon her advice he entered a plea of guilty to a criminal charge, and that the plea was entered because of her ineffective assistance. He claims a denial of due process and a violation of his constitutional rights due to the inadequacy of representation. He seeks money damages, compensatory damages and punitive damages.
Defendant Rodriguez-Schack has moved to dismiss the CT Page 1483 Complaint as to her on the ground that the court lacks subject matter jurisdiction over her in her official capacity. The court agrees. It is a long recognized principle of law that a State cannot be sued without its consent. Fetterman v. University of Connecticut,192 Conn. 539, 550-551, 473 A.2d 1176 (1984). Since a state can only act through its officers and agents, a suit against these individuals is, in effect, a suit against the sovereign state. Fetterman at 192 Conn. 550; Horton v. Meskill,172 Conn. 615. Where no substantial claim is made that the defendant was acting pursuant to an unconstitutional statute or in an unconstitutional manner, the purpose of the sovereign immunity doctrine requires dismissal of the suit. Fetterman at 192 Conn. 553, Horton v. Meskill,172 Conn. at 624. The plaintiff makes no claim that the defendant acted pursuant to an unconstitutional statute or that she acted in an unconstitutional manner. He claims only that the defendant, acting in her capacity as a public defender, provided inadequate representation at his criminal trial. In any event, our Supreme Court does not authorize such action when brought for the purpose of obtaining money damages absent any express waiver by the State. Rogan v. Board of Trustees, 178 Conn. 579, 585.
Defendant also claims that the court lacks subject matter jurisdiction over the action against the defendant in her individual capacity. The court agrees. Connecticut General Statutes § 4-165 provides, in pertinent part: "No State officer or employee shall be personally liable for damages or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment . . . . For purposes of this section `scope of employment' shall include . . . representation by an attorney appointed by the Public Defender Services Commission as a public defender, assistant public defender or deputy assistant public defender . . . ." Also seeSullivan v. State, 189 Conn. 550, 554. General Statutes § 4-165 does provide that an individual having a liability claim for which a State Employee is immune may present it as a claim against the State to the Claims Commissioner.Id. If plaintiff believes he has such a complaint, he should present it to the Office of the Claims Commissioner, obtain permission to sue the State and then file his action with this court. CT Page 1484
The defendant further claims that, to the extent plaintiff is challenging the validity of his conviction, this is an action for Writ of Habeas Corpus for which money damages cannot be awarded. The court agrees.
While plaintiff has asked for money damages in his prayer for relief, the purpose of his complaint is clearly to challenge his criminal conviction. As such, his claims are more appropriate if framed by a petition for writ of habeas corpus.
A criminal defendant's proper remedy for any illegal detention is by resort to the courts by means of a petition for writ of habeas corpus. State v. Kyles, 169 C. 438, 443, 363 A.2d 97 (1975). Indeed, the central purpose of a writ of habeas corpus is to test the legality of detention.Vincenzo v. Warden, 26 Conn. App. 132, 136. 599 A.2d 31
(1991). A claim of ineffective assistance of counsel, such as that made by the plaintiff here, is a well-recognized basis of a habeas corpus petition. See Jackson v.Commissioner of Correction, 227 Conn. 124, 629 A.2d 413
(1993); Ostolaza v. Warden, 26 Conn. App. 758,603 A.2d 768, Cert. denied, 222 Conn. 906, 608 A.2d 692 (1992);Myers v. Manson, 192 Conn. 383, 472 A.2d 759 (1984);Buckley v. Warden, 177 Conn. 538, 418 A.2d 913 (1979).
Accordingly, the Motion to Dismiss as to defendant Yvonne Rodriguez-Schack is granted.
Frances Allen State Judge Referee