[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive question in this case is whether the phrase "date of [the] assessment list" in Connecticut General Statutes § 12-107e(b), which governs the procedures for classifying property as open space land, refers to October 1. The court answers this question in the affirmative and grants the defendant Town of Woodstock's motion for summary judgment. CT Page 4728
The following facts are undisputed. Prior to September 11, 1996, the Town of Woodstock, (hereinafter the Town) had classified the property known as Lot #7, English Neighborhood Road as "open space" land pursuant to General Statutes § 12-107e. The Town had determined that the land had an assessed value for property tax purposes of $11,350 based on its value of $16,220 as open space land.
On September 11, 1996, plaintiffs George M. and Ann M. McColgan purchased the property. Pursuant to General Statutes § 12-504h, the sale resulted in the automatic declassification of the property as open space land. Accordingly, the Town, for purposes of conducting the annual October 1 assessment mandated by General Statutes § 12-62a, determined that the property had an assessed value of $138,540 based on a fair market value of $197,920. At no time prior to October 1 or within thirty days thereafter did the plaintiffs file with the Town Assessor a written application for classification or, in effect, reclassification of the land as open space.
On February 28, 1997, the Town Assessor, pursuant to General Statutes §§ 12-55(a) and 12-117(a), lodged an assessment list, commonly known as a grand list abstract, in the town's office for public inspection. See United Illuminating Co. v. City of New Haven,240 Conn. 422, 433 (1997). On or about March 25, 1997, the plaintiff met with the Town Assessor, who, apparently, rejected as untimely the plaintiffs' application for open space land classification. After that date the plaintiffs submitted an untimely appeal to the Board of Assessors, which the Board rejected. See Conn. Gen. Stat. §12-117(a). The plaintiffs then filed an application to this Court under General Statutes § 12-119, which authorizes such a remedy when, among other things, "a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property" See generally Tyler Cove's Association, Inc. v. Town ofMiddlebury, 44 Conn. App. 517, 526 (1997). See also Conn. Gen. Stat. § 12-107e(g) (affording landowners aggrieved by denial of an application for classification of land the same remedies as taxpayers aggrieved by decisions of assessors or boards of assessment appeals)
Practice Book § 17-49 (formerly § 384) provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference CT Page 4729 in the result of the case. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts. This Court must view the evidence in a light most favorable to the nonmoving party. See Beebe v. Town of East Haddam,48 Conn. App. 60, 64 (1998).
This case requires the Court to interpret General Statutes §12-107e(b), which provides in pertinent part that:
 [A]n owner of land included in any area designated as open space land upon any plan as finally adopted may apply for its classification as open space land on any assessment list of a municipality by filing a written application for such classification with the assessor of such municipality not earlier than thirty days before nor later than thirty days after the date of such assessment list, provided in a year in which a revaluation of all real property in accordance with section 12-62 becomes effective such application may be filed not later than ninety days after the assessment date in such year.
Conn. Gen. Stat. § 12-107e(b) (emphasis added).[1] The Town argues that the "date of such assessment list" is October 1 and that, because the plaintiffs did not file an application for reclassification of the subject property as open space land within thirty days of that date, the plaintiffs have no legal right to classification of the property as open space land.
The Supreme Court's decision in Renz v. Monroe, 162 Conn. 559
(1972), governs this case. In Renz, the Court considered whether a landowner had a right to an assessment of his property as forest land on the October 1, 1969 assessment list when the State did not designate it as forest land until October 24, 1969. The Court was called upon to construe General Statutes § 12-107d(c), which is identical to §12-107e(b) in all substantive respects except that it substitutes the phrase "forest land" for "open space land".[2] Although the narrow issue in Renz was whether the state had "designated" the property as forest land "as of a date at or prior to the date of such assessment list," whereas the narrow issue here is whether, once the state has specifically designated the property, the property owner filed the application for classification within thirty days before or after the "date of such assessment list," the Renz Court had to address the same issue presented here of the meaning of phrase "date of such assessment list". The Renz Court held that property designated as forest land on October 24, 1979 had not been designated "as of a CT Page 4730 date at or prior to the date of such assessment list." In so holding, the Court necessarily found that the "date of such assessment list" was October 1. See, e.g., 162 Conn. at 563 ("For the land to qualify for assessment as forest land on the list of October 1, 1969, it must have been designated as forest land on or before that date) (emphasis added). Accord Timber Trail Associates v. Town of Sherman, No. 307212, 8 CONN. L. RPTR. 147 (Super.Ct. J.D. Danbury, Dec. 28, 1992).
This finding should apply equally to § 12-107e(b). This Court should construe identical phrases in related statutes to have the same meaning. Dos Santos v. F.D. Rich Construction Co., 233 Conn. 14, 24
(1995); Marsh v. Brown, 31 Conn. Sup. 134, 142 (Super.Ct. 1974). This point is especially true given that the General Assembly enacted both statutes in the same series of 1963 Public Acts. See Rolling HillsCountry Club, Inc. v. Board of Tax Review, 168 Conn. 466, 470 (1975);International Business Machines Corp. v. Brown, 167 Conn. 123, 135
(1974).
The interpretation of "date of such assessment list" to mean October 1 also finds support in the fact that the official State Office of Policy and Management applications for open space and forest land classification provide that in a non-revaluation year the landowner must file the application between September 1 and October 31. In effect, these statements interpret the forest land and open space statutes to mean that an applicant must file within thirty days of an October 1 date of assessment list. This Court places some deference in this interpretation of the statute by the relevant state agency. See Crochiere v. Board of Education, 227 Conn. 333,354 (1993).
In opposition, the plaintiffs first claim that they received no notice to file their application for open space classification within thirty days of October 1. The short answer is that the Connecticut General Statutes provide all the notice that is due. See Hebb v. Boardof Appeals, 150 Conn. 539, 542 (1963). As a practical matter, moreover, a simple reading of the application form reveals the obligation to file it between September 1 and October 31.
The plaintiffs also suggest that the "date of the assessment list" is the date that the Town lodges the grand list abstract and that, since they attempted to file an application for open space classification on March 25, 1997, which is within thirty days of the February 28 posting of the grand list, the plaintiffs submitted a timely application. In addition to all the reasons stated above supporting the conclusion that the assessment list date is October 1, the problem with the plaintiffs' argument, as pointed out by the Town, is that the Town may lodge the CT Page 4731 grand list abstract any time between November 1 and the succeeding February 28. See United Illuminating Co. v. City of New Haven,240 Conn. at 433. Under the plaintiffs' interpretation of § 12-107e(b), it becomes difficult, if not impossible, for a landowner to know how to file an application "not earlier than thirty days before . . . the date of such assessment list," because the date of the assessment list, as conceived by the plaintiffs, is not fixed. This Court will not interpret the General Statutes to produce such an irrational meaning.Dos Santos v. F.D. Rich Construction Co., 233 Conn. at 21.
Finally, the plaintiffs contend that there are numerous factual disputes concerning the advice given them by Town officials in the spring of 1997 and that these factual disputes defeat summary judgment. The fact is, however, that whatever the Town may have advised the plaintiffs in the spring of 1997, the plaintiffs had an obligation to file an application for open space classification by October 31 of the preceding year to qualify for a reduced assessment. Because any dispute concerning the Town's advice to the plaintiffs in the spring of 1997 would thus not make a difference in the result of the case, any such dispute is not material and does not defeat summary judgment. SeeBeebe v. Town of East Haddam, 48 Conn. App. at 64.
The motion for summary judgment is granted.
SCHUMAN, J.