[No. G000401. Fourth Dist., Div. Three. Apr. 30, 1985.]

COUNTY OF ORANGE, Plaintiff and Respondent, v.
STATE BOARD OF CONTROL, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, Richard D. Martland, Chief Assistant Attorney General, N. Eugene Hill, Assistant Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Appellant.

Adrian Kuyper, County Counsel, and Daniel J. Didier, Deputy County Counsel, for Plaintiff and Respondent.

George Agnost, City Attorney (San Francisco), Burk E. Delventhal and Thomas J. Owen, Deputy City Attorneys, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**WALLIN, J.**—Respondent County of Orange (County) filed a claim for reimbursement from appellant State Board of Control (Board) for the increased costs of its probation department incurred by County in implementing mandatory domestic violence diversion legislation. (Rev. & Tax. Code, § 2250 et seq.) The Board refused to hear the claim because it determined the legislation changed the penalty for a crime and therefore it lacked jurisdiction. (Rev. & Tax. Code, § 2253.2.)[1] The County sought review of the Board's decision by writ of mandate in the superior court. The court found the law establishing the diversion program did not change the penalty for a crime and issued a writ compelling the Board to exercise its jurisdiction over the claim. The Board appeals. We agree with the court below and affirm the judgment.

■    In 1979, the Legislature enacted a diversion program for persons arrested for acts of domestic violence. (Pen. Code, §§ 1000.6-1000.11.)[2] Under the program, an accused who meets certain criteria can be diverted into a community program of education, treatment or rehabilitation while the criminal proceedings against him are suspended. The accused must consent to participation and waive his right to a speedy trial (§ 1000.7, subd. (b)), but no admission of guilt is required of him (§ 1000.6, subd. (c)). Upon the accused's successful completion of the diversion program, the charges against him are dropped and his arrest is deemed never to have occurred. (§§ 1000.9, 1000.10.) If he is unsuccessful, however, he is returned to the court for resumption of the criminal proceedings. (§ 1000.9.)

Before diversion can be ordered, the court must refer potential cases to the probation department for an investigation to determine if the accused is one who would benefit from diversion and into which community program he should be placed. (§ 1000.7, subd. (b).) The probation department is also required to monitor the progress of the diverted person and to return him to court if he is not benefiting from the program or if he is convicted of any violent crime. (§ 1000.9.)

■    The Board argues that diversion constitutes an alternate penalty to the crime of domestic violence. It points out a diverted defendant is subjected to a penal statute and criminal judicial proceedings, and is placed under the supervision of the probation department with certain restrictions

---

[1] Revenue and Taxation Code section 2253.2, subdivision (c)(2) provides: "The Board of Control shall not consider . . . any claims submitted by a local agency . . . if: . . . (2) The chaptered bill created a new crime or infraction, eliminated a crime or infraction, or changed the penalty for a crime or infraction . . . ."

[2] All statutory references hereafter are to the Penal Code.

on his behavior. We disagree with the Board and conclude the diversion program creates an alternative to criminal prosecution and conviction rather than changing the penalty. No person can be punished for a crime unless he has been found guilty by a court or jury, or has entered a guilty plea. (§§ 681, 689; *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758].) Consequently, since participation in the program occurs prior to a determination of guilt or innocence, it cannot be considered a penalty.

■  However, the Board stresses the similarity between diversion and probation, arguing both constitute the imposition of a penalty. For this proposition, the Board cites *People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405], where the court held the act of ordering an accused to a drug diversion program was a judicial act and did not require the consent of the prosecutor. In this context, the court stated: "[D]iversion may also be viewed as a specialized form of probation, available to a different class of defendants but sharing many similarities with general probation and commitment for addiction." (*Id.,* at p. 66.) The existence of some similarities between probation and diversion does not affect the basic distinction between the two. Probation means "the suspension of the imposition or execution of a *sentence* and the order of conditional and revocable release in the community under the supervision of the probation officer." (Italics added.) (§ 1203, subd. (a).) Diversion, on the other hand, can only be ordered prior to trial. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].) Thus, probation is an alternative sentencing device imposed after conviction, while diversion is a pretrial program designed to avoid conviction.

We conclude the domestic violence diversion legislation did not change the penalty for a crime, and the Board is thus required to hear the County's claim for reimbursement. The judgment is affirmed.

Sonenshine, Acting P. J., and Crosby, J., concurred.