[No. B020484. Second Dist., Div. Six. July 18, 1986.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
JOHN WAYNE DEARDORF et al., Real Parties in Interest.

## COUNSEL

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Kenneth I. Clayman, Public Defender, Gary R. Nichols, Deputy Public Defender, Joel Steinfeld and Wiksell & Steinfeld for Real Parties in Interest.

## OPINION

**STONE, P. J.**—The People seek a writ of mandate to compel respondent superior court to reinstate a charge of kidnapping for extortion (Pen. Code, § 209, subd. (a))[1] that was dismissed by respondent superior court pursuant to section 995. We find that the kidnapping for extortion charge was improperly dismissed and grant a peremptory writ of mandate.

[1]All further statutory references are to the Penal Code unless otherwise specified.

FACTS

The testimony produced at the preliminary hearing reveals that on the morning of January 11, 1986, one Roland Roberts received a telephone call from an authorized representative of his cocaine supplier. The party demanded prompt payment on a delinquent account. The agent directed Roberts to drive down to Hussing's Cantina at noon in order to make arrangements for payment. John Deardorf and James Alexander, real parties herein, met Roberts in the parking lot of the establishment. Deardorf entered into the passenger compartment of Roberts' vehicle, took a pistol from his waistband, removed the safety latch, and placed the weapon in his lap. Roberts was instructed to drive.

After driving about a mile, Roberts was directed to park the car. Deardorf demanded immediate payment of the $2,500 debt. Roberts stated that he did not have enough money to pay this amount. Deardorf reiterated his demand and suggested that Roberts pledge his 1983 Celica automobile as security for the debt.

Deardorf drove the car (with Roberts now in the passenger seat) to a location near the intersection of Victoria and Olivas Adobe. Roberts testified that he was in fear of his life during the entire transaction. Alexander drove up in another vehicle and parked behind the Celica. At this juncture, Roberts was instructed to execute a document granting Deardorf a two-day permit to drive the Celica. Roberts was dropped off at his home.

On January 13, 1986, Deardorf directed that Roberts meet him at the 101 Drive-In in order to make payment on his delinquent account and have his vehicle returned. Roberts complied with this directive. Deardorf and Alexander were arrested later that day. They were charged with, among other assorted felonies, kidnapping for extortion. (§ 209, subd. (a).)

Real parties brought motions to set aside various counts of the information. Included in these motions was the assertion that real parties could not be properly charged with kidnapping for extortion inasmuch as section 209 requires that the payment of extorted money come from someone other than the kidnapped victim. *People* v. *Martinez* (1984) 150 Cal.App.3d 579 [198 Cal.Rptr. 565], and *People* v. *Macinnes* (1973) 30 Cal.App.3d 838 [106 Cal.Rptr. 589], were cited by real parties in support of the above-mentioned proposition. On April 18, 1986, the court, relying upon the *Martinez* case, granted those portions of the motions to dismiss relating to the count of kidnapping for extortion.

## DISCUSSION

■ The People have a remedy by way of appeal. (§ 1238, subd. (a)(1); *People* v. *Shirley* (1978) 78 Cal.App.3d 424, 430 [144 Cal.Rptr. 282].) However, we find that appeal to be an inadequate remedy inasmuch as it would cause the piecemeal resolution of this case and possibly delay real parties' trial on the charge of kidnapping for extortion. In such instances, review by way of extraordinary writ is appropriate. (*People* v. *Superior Court (Smart)* (1986) 179 Cal.App.3d 860, 862 [225 Cal.Rptr. 62].)

■ Section 209, subdivision (a) defines the felony of kidnapping as applying to "[a]ny person who . . . carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward or to commit extortion *or* to exact from another person any money or valuable thing . . . ." (Italics added.) The sole question in this appeal pivots upon the reading of the emphasized word "or."

Real parties are of the view that the statute requires that the wrongfully exacted property come from someone other than the victim. In essence, real parties would have the word "or" contained in section 209, subdivision (a) be read as "and," thereby requiring that the exacted property be taken from someone other than the kidnapped victim.

This reading flies in the face of the plain meaning of section 209, subdivision (a). ■ It is a basic principle of statutory construction "which mandates that courts, in construing a measure, not undertake to rewrite its unambiguous language." (*People* v. *Skinner* (1985) 39 Cal.3d 765, 775 [217 Cal.Rptr. 685, 704 P.2d 752].)

■ Section 209, subdivision (a) merely offers a veritable catalog of the ways by which one can go about committing the felony crime of kidnapping. Although the catalog lacks color illustrations, it hints of no particular exclusivity; rather its intent is to clearly proscribe kidnapping, per se, in its rich and varied multitude of shades and trappings. The statute distinguishes between the crimes of robbery and aggravated kidnapping so that robberies will not be converted into aggravated kidnappings. (*People* v. *Martinez, supra,* 150 Cal.App.3d at p. 595.)

■ We are unaware of any requirement, imposed either by statute or case law, that requires the victim in a kidnapping for extortion case to have someone other than himself step onto the stage in order to provide the crook with an item of value. Extortion is defined by section 518 as ". . . the obtaining of property from another, with his consent . . . induced by a

wrongful use of force or fear . . . ." Significantly, section 518 makes no requirement that someone other than the victim pay the criminal. (*People v. Preston* (1971) 21 Cal.App.3d 732, 735 [98 Cal.Rptr. 765].)

■ "An information will not be set aside if there is some rational ground for assuming the *possibility* that an offense has been committed and that the accused is guilty of it. [Citation.]" (*People v. Superior Court (Smart), supra,* 179 Cal.App.3d at p. 864.) ■ The evidence offered by the People at the preliminary hearing was sufficient to establish a reasonable suspicion that Roberts was kidnapped when he was threatened with a pistol and driven several miles to a somewhat remote locale. (E.g., see *People v. Camden* (1976) 16 Cal.3d 808, 814 [126 Cal.Rptr. 438, 548 P.2d 1110]; *In re Earley* (1975) 14 Cal.3d 122, 131 [120 Cal.Rptr. 881, 534 P.2d 721].) Likewise, there was sufficient evidence to sustain, for the purposes of a motion to dismiss, a charge that real parties committed extortion when they used a threat of violence as a means to take possession of Roberts' Celica. (E.g., see *People v. Alcala* (1984) 36 Cal.3d 604, 622 [205 Cal.Rptr. 775, 685 P.2d 1126].)

■ The trial court's dismissal of the kidnapping for extortion count was premised upon its interpretation of section 209, subdivision (a). This interpretation constituted a legal conclusion which may be independently reviewed by an appellate court. (*People v. Watson* (1981) 30 Cal.3d 290, 300 [179 Cal.Rptr. 43, 637 P.2d 279].) ■ Accordingly, we find that the trial court erred when it struck the kidnapping for extortion count.

Let a writ of mandate issue commanding respondent superior court to set aside its order of April 18, 1986, granting real parties' motion to dismiss count 6 of the information and to issue a new order denying said motion. The stay of proceedings previously ordered by this court is vacated.

Gilbert, J., and Abbe, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied October 23, 1986.