Filed 8/2/23  P. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E080532 |
| v. | (Super.Ct.No. RIF1803209) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| EVELYN PATRICIA RIVERA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate from an order of the Superior Court of Riverside County. Sean P. Crandell, Judge. Petition denied.

Michael Hestrin, District Attorney and Sophia Choi, Deputy District Attorney, for Petitioner.

No appearance by Respondent.

1

Rajan R. Maline for Real Party in Interest.

In July 2018, prosecutors charged real party in interest Evelyn Rivera with two felony insurance fraud counts based on her filing a single false workers' compensation claim in August 2016 for a shoulder injury she had suffered a year earlier. In March 2019, the court held a preliminary hearing and found probable cause to proceed on the felony charges. Prosecutors filed an information alleging the same two felony counts—violations of Insurance Code section 1871.4, subdivision (a)(1) and Penal Code section 550, subdivision (a)(1) (section 550(a)(1)). Rivera pled not guilty in April 2019.

Two and a half years later, the case was still unresolved, and Rivera asked the court to reduce both counts to misdemeanors under Penal Code section 17, subdivision (b) (section 17(b)) and place her on pretrial diversion under Penal Code section 1001.95. In October 2021, respondent, the Superior Court of Riverside County, denied the request, but indicated that the counts would be reduced to misdemeanors provided Rivera paid $20,000 in restitution.

However, litigation over that issue extended the case further. Prosecutors pointed out section 550(a)(1) is a straight felony, not subject to reduction under section 17(b) and argued the court didn't have jurisdiction to reduce the Insurance Code count under section 17(b) after a preliminary hearing but before a guilty plea or conviction. Rivera then moved to set aside the count for violating section 550(a)(1) on the ground the conduct had to be charged under the more specific provision proscribing health care fraud, Penal Code section 550, subdivision (a)(6) (section 550(a)(6)).

In November 2022, the court agreed with Rivera concerning the section 550(a)(1) charge and set aside that count. In December 2022, Rivera paid $20,000 in restitution, which covered mainly attorney fees the county incurred by hiring an outside law firm. The court ordered the Insurance Code count reduced to a misdemeanor under section 17(b) and then placed Rivera on pretrial diversion under Penal Code section 1001.95, which would have resolved the case so long as she complied with the conditions that she perform 20 hours of community service and attend a life skills class.

However, the People filed a petition for a writ of mandate seeking our intervention. They argue first the trial judge erred by determining they couldn't prosecute Rivera for workers' compensation fraud under section 550(a)(1). They also argue the trial judge acted without jurisdiction under section 17(b) because that statute gives a trial judge discretion to reduce a charge to a misdemeanor only before holding a defendant over on felony charges or after a guilty plea or conviction, but not otherwise. They ask us to direct the trial court to vacate the order setting aside the section 550(a)(1) count and the order reducing the Insurance Code count to a misdemeanor.

The case is procedurally complicated because the People have a right to appeal the section 550(a)(1) ruling and have filed a notice of appeal raising the same issues. However, the Legislature has provided no right to appeal the section 17(b) ruling. Though we agree with the People on the scope of the trial court's discretion under section 17(b), we deny the petition for a writ of mandate because the need for review does not outweigh the risk of harassment of the accused. This prosecution has been going for over

five years, the accused has already paid a substantial amount in restitution and has reached a resolution in the trial court that would be reopened by issuing a writ. There's a reason the Legislature didn't provide for appeal of section 17(b) orders in criminal cases, and we conclude allowing an extraordinary writ here would go against that policy.

To avoid piecemeal prosecution and expedite the case, we will also take up the People's arguments over the order setting aside the section 550(a)(1) insurance fraud count. We agree with Rivera and the trial court that the People were required to prosecute this workers' compensation fraud case under the more specific section 550(a)(6). We therefore deny the People's petition for a writ of mandate as to that order. We will dismiss the related appeal as moot by separate order.

# I

## FACTS

On August 17, 2015, Evelyn Rivera went to see a doctor at Kaiser Permanente Hospital because she had injured her left shoulder. She told the doctor her shoulder had begun hurting after stretching it four or five days earlier. In February 2016, she had surgery on her shoulder to repair a torn rotator cuff.

About a year after the initial appointment, Rivera submitted a workers' compensation claim for an injury to the same shoulder. One doctor examined her on October 19, 2016, and another examined her in August 2017. Both doctors reported Rivera said she had injured her shoulder at work in August 2015 when she was moving 25-pound boxes near a recycling bin. The second doctor reviewed Rivera's prior medical

4

records and concluded he did not believe her injury was work related. Her workers' compensation claim was later rejected, but the County of Riverside was billed for her visits to the two doctors.

In July 2018, the Riverside County District Attorney's Office filed a complaint charging Rivera with two felony counts of insurance fraud under Insurance Code section 1871.4, subdivision (a)(1) (count 1) and Penal Code section 550, subdivision (a)(1) (count 2). Rivera was arraigned in Riverside County Superior Court on September 21, 2018, pled not guilty, and waived her right to a preliminary hearing within 60 days.

On March 15, 2019, Riverside County Superior Court Judge Bambi J. Moyer held a preliminary hearing. Kurtis Lackman, a workers' compensation investigator, testified about his investigation into Rivera's case. Lackman said he began his investigation after the district attorney's office received a referral from the county, which had already undertaken an investigation. He interviewed the doctors who examined Rivera after she made her workers' compensation claim. He also interviewed Rivera. His testimony supported the facts set out above. After his testimony, the judge determined "it does appear that the offenses that are currently charged in Counts 1 and 2 have been committed. There's sufficient cause to believe the defendant guilty of those particular offenses, so I will order that she be held to answer to same."

Five days later, the People filed an information with the same charges. Riverside County Superior Court Judge David A. Gunn held an arraignment hearing on April 23,

2019. Rivera pled not guilty, and the judge set a trial readiness conference for June 7, 2019.

However, the next event reflected in the record was a settlement conference held in October 2021, two and a half years later. Riverside County Superior Court Judge Ronald L. Taylor noted at the outset, "It's a very old case." Rivera asked the judge to reduce the charges to misdemeanors under section 17(b) and grant her misdemeanor diversion under Penal Code section 1001.95 (section 1001.95), avoiding the need for a trial. After taking time to review the preliminary hearing transcript and the exhibits, the judge indicated he would refuse Rivera's request to reduce the felony charges to misdemeanors and place her in pretrial diversion because the preliminary hearing judge had concluded that "if this were to go to trial, she believes that the jury would have a strong possibility of finding the defendant guilty."

However, the judge noted that restitution is the main concern in cases like this one and indicated he would grant a defense motion to reduce the charges to misdemeanors and grant diversion, provided Rivera first paid restitution of approximately $20,000. The prosecutor objected, arguing the court did not have authority under section 17(b) to reduce the charges to misdemeanors until Rivera had pled guilty or been convicted.

On November 5, 2021, the prosecution filed an opposition to the trial judge's proposed disposition. They pointed out the charge under section 550(a)(1) is a straight felony, not subject to reduction under section 17(b) or diversion under section 1001.95. They argued Rivera's "exposure on this case is 5 years in custody and a fine of

$150,000," though they conceded "[n]othing is alleged in this case which prohibits a grant of probation and the People's offer on the case has always included a grant of felony probation with minimal time to serve provided actual restitution is paid." They claimed "[r]estitution owed in this case is $20,913.53."

On November 22, 2021, Rivera filed a motion for pretrial misdemeanor diversion under section 1001.95. Then, in March 2022, she filed a motion under section 995 to dismiss count 2. She argued charging her with section 550(a)(1) was unlawful because a more specific statute governs the same conduct. In such cases, the trial judge must infer the Legislature intended the conduct to be prosecuted exclusively under the more specific statute. As applied to her case, Rivera argued the prosecution could not proceed under section 550(a)(1), which governs insurance fraud generally, because section 550(a)(6) specifically governs health care fraud. The difference is critical because section 550(a)(1) is a straight felony which would render Rivera ineligible for misdemeanor diversion. Section 550(a)(6), meanwhile, is a wobbler.

On November 22, 2022, Riverside County Superior Court Judge Sean Crandell held a hearing on the section 995 motion and issued a written ruling. The judge agreed with the defense that the prosecution could not charge Rivera under section 550(a)(1) because the more specific section 550(a)(6) governs. The court granted the motion and set aside count 2.

On December 15, 2022, Rivera paid $20,000 in restitution and Riverside County Superior Court Judge Taylor reduced count 1 to a misdemeanor under section 17(b) and

granted diversion under section 1001.95, with conditions that she perform 20 hours of community service and attend a life skills class. The restitution amount went primarily to pay for outside counsel hired by the county to litigate the case. The trial judge set a misdemeanor diversion hearing regarding dismissal for December 15, 2023.

On January 19, 2023, the People filed a petition for a writ of mandate seeking to overturn the order reducing count 1 to a misdemeanor and the order setting aside count 2. The People also filed a separate notice of appeal from the order dismissing count 2. The appeal is currently pending, but the parties have not yet filed briefs.

## II

## ANALYSIS

A. *The Order Reducing the Insurance Code Count to a Misdemeanor*

The People argue the trial judge erred by granting Rivera's motion to reduce count 1 to a misdemeanor because the judge acted after holding Rivera to answer to the felony charge and before Rivera had pled guilty or been convicted.

We first consider whether it is appropriate to review the judge's decision to reduce count 1 to a misdemeanor under section 17(b). The decision to reduce a felony charge to a misdemeanor under section 17(b), is not an appealable order. (*People v. Williams* (2005) 35 Cal.4th 817, 830-834.) "If the prosecution has not been granted by statute a right to appeal, review of any alleged error may be sought by a petition for writ of mandate *only* when a trial court has acted in excess of its jurisdiction and the need for

such review outweighs the risk of harassment of the accused." (*People v. Superior Court* (*Stanley*) (1979) 24 Cal.3d 622, 625-626.)

There is a split in authority on what constitutes a judicial act in excess of jurisdiction allowing an extraordinary writ. "Some courts have taken an expansive view of the phrase 'excess of jurisdiction,' holding that where the law allows a court to act in only one way, the court exceeds its jurisdiction by doing anything else and the error can be corrected through writ review. [Citations.] Other courts have taken a restrictive stance, holding that there is no basis for writ review unless the trial court acts without subject matter or personal jurisdiction." (*People v. Superior Ct.* (*Mitchell*) (2010) 184 Cal.App.4th 451, 456.) However, courts have concluded "[a]n act that exceeds a grant of statutory power qualifies under both lines of cases for writ review." (*Id.* at p. 458.) As we shall explain, section 17(b) grants the trial courts authority to reduce counts to misdemeanors, and by doing so after the information was filed but before Rivera pled guilty or was convicted, the trial judge exceeded the grant of statutory authority.

Penal Code section 17, subdivision (a), specifies when a crime is a felony or a misdemeanor. "A felony is a crime that is punishable with death, by imprisonment in the state prison, or, notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Subdivision (b) specifies when wobbler offenses—crimes punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a

9

county jail under the provisions of subdivision (h) of Penal Code section 11700, or by fine or imprisonment in the county jail—are misdemeanors. Three of those circumstances arise after conviction or a guilty plea. A wobbler offense is a misdemeanor "(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. (2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor. (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17(b)(1)-(3).) A wobbler offense is also a misdemeanor "[w]hen the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant . . . objects to the offense being made a misdemeanor." (§ 17(b)(4).) Finally, a wobbler offense is a misdemeanor "when, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (§ 17(b)(5).)

As the People argue, these provisions are exhaustive, and limit the trial judge's discretion to determine that an offense is a misdemeanor to the periods before the defendant has been held over on a felony charge under Penal Code section 872, and after the defendant has pled or been found guilty on a wobbler charge prosecuted as a felony.

Between those moments in a criminal case involving a wobbler offense, the trial judge has no discretion to direct that an offense prosecuted as a felony instead be prosecuted as a misdemeanor. In this case, the trial judge's order reducing count 1 to a misdemeanor was not authorized under section 17(b) because the preliminary hearing had occurred and Rivera had been held to answer under section 872, but no judgment, plea, or finding of guilt had occurred. (*People v. Superior Court* (*Jalalipour*) (2015) 232 Cal.App.4th 1199, 1205-1206.)

*Jalalipour* is directly on point. As the Fourth District, Division Three noted, "Courts have consistently interpreted section 17(b) in accordance with its clear language." (*Jalalipour*, *supra*, 232 Cal.App.4th at p. 1205.) After a judge has held a defendant to answer and an information has been filed, the court lacks jurisdiction under the plain language of 17(b)(5) to reduce a felony offense to a misdemeanor. (*Jalalipour*, at p. 1205.) Subdivisions (b)(1) and (b)(3) authorize reduction at sentencing, but no provision authorizes reduction after the information has been filed and before the defendant has pled guilty or been convicted.

*People v. Silva* (1995) 36 Cal.App.4th 231 reached a similar conclusion, though the procedural posture was different because it occurred before the unification of the superior and municipal courts in 1998. There, a municipal court judge had jurisdiction for the purpose of conducting a preliminary examination to determine if probable cause supported finding the defendant had committed a felony. The judge found there was such evidence, but later "purported to reduce th[e] offense to a misdemeanor in accordance

11

with section 17, subdivision (b)(5)," which allows the magistrate to determine the offense is a misdemeanor "at or before the preliminary examination or prior to the filing of an order pursuant to section 872." (§ 17 (b)(5).) The *Silva* court reversed the order because the municipal court judge didn't have jurisdiction to grant the motion. The "plain language of section 17, subdivision (b)(5) deprive[d] the court of such authority." (*Silva*, at p. 235.) After the magistrate had held the defendant to answer and the prosecutors had filed an information, section 17(b)(5) was inapplicable. The Court of Appeal noted "the events had not yet occurred to trigger the superior court's authority to consider reduction to a misdemeanor under section 17, subdivision (b)(1) or (3)." (*Silva*, at p. 235.)

Rivera suggests the trial judge had authority to reduce the offense under section 17(b)(1) and (b)(3). This argument lacks merit. Section 17(b)(1) allows for reduction "[a]fter a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." It doesn't apply because pretrial diversion under section 1001.95 is a pretrial supervision order, where if the defendant complies with all the terms and conditions, the charges will be dismissed without a judgment of conviction ever being entered. (See Pen. Code, §§ 1001.95, 1001.96, 1001.97.) Section 17(b)(3) allows for reduction "[w]hen the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter." This provision doesn't apply because pretrial diversion is not the same as probation. On the contrary, "probation is an alternative sentencing device imposed *after conviction*, while diversion is a pretrial

12

program designed to *avoid conviction*." (*County of Orange v. State Bd. of Control* (1985) 167 Cal.App.3d 660, 663, italics added.)

Having determined the trial judge acted in excess of jurisdiction, we must decide whether the need for review outweighs the risk of harassment to Rivera. (*Stanley*, *supra*, 24 Cal.3d at p. 626.) The fact that the Legislature did not provide for review of section 17(b) decisions is important. "The statutory restriction of the People's right to appeal in criminal cases 'is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a *substantive limitation on review of trial court determinations in criminal trials.*'" (*People v. Drake* (1977) 19 Cal.3d 749, 758, italics added.) One reason for the limitation is that "[e]xtended litigation . . . may result in long delays." (*Stanley*, at p. 628.) That has evidently already occurred in this case. As one of the judges who handled portions of the case aptly observed, this was already "a very old case" in October 2021 when Rivera first asked to have the charges made misdemeanors. Nearly two years later, the same issues are still roiling at the appellate level. We think making an extraordinary writ available to the prosecution under these circumstances impinges too much on the accused's right to a speedy trial and the resolution of the criminal charges against her. That resolution has already been too long delayed.

The need for review simply doesn't outweigh the harm to Rivera by the continuation of this case. This is especially true because Rivera has already paid full restitution and, even if we did vacate the section 17(b) order, she could plead guilty and

file a motion to reduce her conviction to a misdemeanor at that time. We will accordingly deny the People's petition for a writ of mandate as to the order reducing count 1 to a misdemeanor.[1]

B. *The Order Setting Aside the Section 550(a)(1) Count*

The People also ask us to conduct writ review of the trial judge's decision to set aside the insurance fraud count under section 550(a)(1) because it should have been brought as a charge of health care fraud under the more specific section 550(a)(6).

Though the People do have a remedy by appeal, and have in fact filed a notice of appeal, we will review the issue by way of extraordinary writ out of the same concern for mitigating delay in this criminal prosecution. As the People urge, a writ petition is an option when the issue in question is appealable, but an appeal would be inadequate because the matter requires a quicker resolution. (*People v. Superior Court* (*Deardorf*), 183 Cal.App.3d 509, 513 [finding "appeal to be an inadequate remedy inasmuch as it would cause the piecemeal resolution of this case and possibly delay real parties' trial"].) Here, proceeding by appeal as to count 2 but by writ as to count 1 would result in piecemeal resolution of a case that is already very old. We have therefore considered the issue and find no fault with the trial judge's determination.

---

[1] We note in *Jalalipour* the court granted the writ of mandate without considering whether the need for review outweighed the risk of harassment to the accused or even mentioning that standard. The omission is unexplained. In any event, there was no similar delay of proceedings. Though the case was far more complicated—six counts of tax evasion and one count of grand theft related to underreporting of sales tax collections at 12 Subway restaurants—the case proceeded from complaint to reduction of the charges to misdemeanors in 10 months.

As the Supreme Court explained in *People v. Murphy* (2011) 52 Cal.4th 81, "Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute. In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute. The rule is not one of constitutional or statutory mandate, but serves as an aid to judicial interpretation when two statutes conflict. The doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and 'requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision." (*Id.* at p. 86 [cleaned up].)

Faced with this issue we ask whether "(1) each element of the general statute corresponds to an element on the face of the special statute or (2) [whether] it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute." (*Murphy*, *supra*, 52 Cal.4th at p. 86 [cleaned up].) In either case, the *Williamson* rule applies. We conclude it applies here.

15

The People charged Rivera under section 550(a)(1), which states it is unlawful to "[k]nowingly present or cause to be presented any false or fraudulent claim for the *payment of a loss or injury*, including payment of a loss or injury under a contract of insurance." (Italics added.) The gravamen of the complaint and information was that Rivera knowingly presented a false claim for the payment of benefits available under the workers' compensation law. Rivera argues, and we agree, that the allegation against her also falls under section 550(a)(6), which makes it unlawful to "[k]nowingly make or cause to be made any false or fraudulent claim for *payment of a health care benefit*." (Italics added.) Workers' compensation benefits like funds paid to cover medical expenses are "health care benefits," which means section 550(a)(6) applies specifically to her case. The only differences between the two statutory provisions is that 550(a)(1) applies to payments for any losses or injuries and section 550(a)(6) applies to payments for health care benefits, a subset of the general category. It follows that the *Williamson* rule applies, and we should infer the Legislature intended that conduct like Rivera's be prosecuted exclusively under section 550(a)(6).

The People argue that the *Williamson* rule doesn't apply because a person making a workers' compensation claim may seek benefits beyond payments for medical treatment. They point out that the workers' compensation program covers medical treatment, but also "temporary compensation (Lab. Code, §§ 4650-4657), permanent disability compensation (Lab. Code, §§ 4658, 4659-4663), and supplemental job displacement benefits (Lab. Code, §§ 4658.5, 4658.6)." They argue filing a false or

16

fraudulent workers' compensation claim may not implicate section 550(a)(6) at all because it might not involve a claim for payment of a "health care benefit." Instead, they argue, to the extent a false or fraudulent workers' compensation claim sought payment for something beyond medical treatment, the prosecution would have to proceed under the more general section 550(a)(1).

We disagree with this argument. The People construe the term "health care benefit" too narrowly, making it out as coextensive with payments for medical treatment. We believe the term "health care benefit" in section 550(a)(6) is broad enough to encompass all the workers' compensation benefits they identify. Consistent with that view, the Legislature amended section 550(a) in 1993 to clarify that for purposes of section 550(a)(6) through (a)(9), which cover varieties of health care benefit fraud, "a claim for payment of a health care benefit also means a claim or claim for payment submitted by or on the behalf of a provider of *any workers' compensation health benefits under the Labor Code*." (§ 550(a)(10), italics added.) As the Fifth District Court of Appeal has recognized, the legislative history of section 550(a) "clarified that the term 'health care benefits' included workers' compensation benefits. . . . [W]hile the Legislature repeatedly documented its understanding that existing law already criminalized this type of workers' compensation fraud, the addition of paragraph (10) did not intend to change the law but only to clarify that the term 'health care benefits' included workers' compensation benefits." (*People v. Pierce* (2019) 38 Cal.App.5th 321, 337, as mod. (Aug. 21, 2019) (*Pierce*); see also Legis. Counsel's Dig., Assem. Bill No.

1300 (1993-1994 Reg. Sess.) ["This bill would specify that workers' compensation benefits are included as health care benefits"].)

The People argue that section 550(a)(10) applies only to claims presented by *providers*, not claims by workers themselves. However, their argument concedes the key point. If a provider's claim for payment of a worker's compensation of health care benefits constitutes a claim for payment of health care benefits under subdivision(a)(6), a worker's own claim for workers' compensation health benefits constitutes a claim for health care benefits under subdivision (a)(6) as well. As the Fifth District said, the Legislature already understood section 550(a)(6) applied to workers' compensation fraud, subdivision (a)(10) clarified that point and the point that it applies to workers' compensation fraud committed by providers. (See *Pierce*, *supra*, 38 Cal.App.5th at p. 337.)

We conclude, like the trial judge, that the more specific section 550(a)(6) governs the allegations against Rivera, and the People should have brought their workers' compensation fraud count against Rivera under that statute. The trial judge was correct to set aside the section 550(a)(1) count, and we will therefore deny the People's petition for a writ of mandate as to that order.

Because our decision decides, at the People's request, the issues raised by their notice of appeal in case No. E080534, we will dismiss that appeal as moot by separate order. (See *Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1221-1222.)

# III

# DISPOSITION

We deny the petition for a writ of mandate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH

J.

We concur:

MILLER

Acting P. J.

MENETREZ

J.